IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| IYS Ventures, LLC, | ) | Case No. 23-06782 |
| | ) | |
| | ) | Hon. David D. Cleary |

## NOTICE OF MOTION

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on August 23, 2023, at 10:00 a.m., I shall appear before the Honorable Judge David D. Cleary, or any other judge sitting in his stead, either in Courtroom 644, 219 South Dearborn Street, Chicago, Illinois, or electronically as described below and request a hearing on the Debtor's (1) Application to Employ Special Counsel (2) Request to Approve Payment of Retainer and Procedure for Compensation; and (3) to Shorten and Limit Notice, a copy of which is attached hereto and thereby served upon you.

**Important: Only parties and their counsel may appear for presentation of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: http://www.zoomgov.com/. Then enter the meeting ID and password.
**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.
**Meeting ID and password.** The meeting ID for this hearing is Meeting ID: 161 122 6457 and the password is Cleary644. The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, these motions will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motions in advance without a hearing.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 10th day of August 2023.

                                                                         /s/ Gregory K. Stern
                                                                            Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604 / (312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick Layng, United States Trustee
219 South Dearborn Street, Suite 873
Chicago, Illinois 60604

William J. Serritella/Yeoeun C. Yoon
Kimberly Ross Clayson/Jillian S. Cole
111 East Wacker Drive, #2600
Chicago, Illinois 60601

Miriam Stein Granek/Daniel Scheeringa
4711 Golf Road, #200
Skokie, Illinois 60076

Gordon E. Gouveia/Peter C. Buckley
321 North Clark Street, Suite 1600
Chicago, Illinois 60654

William K. Kane
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654

Ariel Weissberg
Weissberg and Associates, Ltd.
125 South Wacker Drive, Suite 300
Chicago, IL 60606

**Parties Served Via United States Mail**

IYS Ventures, LLC
15416 South 70th Court
Orland Park, Illinois 60462

Barr & Morgan
2777 Summer Street
Stamford, Connecticut 06905

Aramark Uniform Services
2334 South Michigan Avenue
Chicago, IL 60616

BMW Financial Services
Customer Service Center
PO Box 3608
Dublin, OH 43016-0306

Byzfunder NY LLC
530 7th Avenue, Suite 505
New York, NY 10018

Coca-Cola Bottling Company
PO Box 105637
Atlanta, GA 30348

Frito-Lay, Inc.
7700 Bulldog Drive
Summit Argo, IL 60501

Fox Capital Group, Inc.
803 South 21st Avenue
Hollywood, Florida 33020

Home State Security
250 East 5th Street, 15 Floor
Cincinnati, OH 45202

Manistique Oil Company
216 Deer Street
Manistique, MI 49854

Mercedes Benz Financial Services
PO Box 5209
Carol Stream, IL 60197-5209

Pepsi Beverages Co.
2541 West 20th Avenue
Oshkosh, WI 54904

Red Bull Distrtibution Company
PO Box 204750
Dallas, TX 75320

Samson Funding
17 State Street, Suite 630
New York, New York 10004

U.S. Small Business Administration
409 3rd Street SW
Washington, DC 20416

We Energies
PO Box 2046
Milwaukee, WI 53201-2046

Wisconsin Department of Revenue
2135 Rimrock Road
Madison, WI 53713

Xcel Energy
PO Box 9477
Minneapolis, MN 55484-9477

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| IYS Ventures, LLC, | ) | Case No. 23-06782 |
| | ) | |
| | ) | Hon. David D. Cleary |

**DEBTOR'S (1) APPLICATION TO EMPLOY SPECIAL COUNSEL; (2) REQUEST TO APPROVE PAYMENT OF RETAINER AND PROCEDURE FOR COMPENSATION; AND (3) TO SHORTEN AND LIMIT NOTICE**

NOW COMES IYS Ventures, LLC, Debtor and Debtor in Possession, by and through its attorneys, Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien and Rachel S. Sandler, and in support of its (1) Application to Employ Special Counsel; (2) Request to Approve Payment of Retainer and Procedure for Compensation; and (3) to Shorten and Limit Notice, states as follows:

1. On May 23, 2023, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334; and this matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. The Debtor, as Debtor In Possession, has continued in possession of its property, pursuant to §§ 1107 and 1108; and, no trustee has been appointed in the Chapter 11 case.

4. The Debtor owns/leases and operates gas stations located in Illinois, Minnesota, Michigan, Indiana, Wisconsin, Ohio, Virginia, South Dakota, Mississippi and Louisiana (the "Gas Stations").

5. On or about February and March of 2021, the Debtor entered into two franchise agreements with CrossAmerica Partners, LP ("CAP"), which included a fuel supply agreement, lease agreement and proprietary marks agreement (the "CAP Agreements").

6. The Debtor, as Debtor in Possession, desires to employ John J. Morgan and the law

firm of Barr & Morgan as Special Counsel (the "Special Counsel"). Special Counsel are attorneys duly admitted to practice law in the State of Connecticut and New York, and will seek admission *pro hac vice* to practice before this Court.

7. Special Counsel has extensive experience with the Petroleum Marketing Practices Act ("PMPA") and how it relates to the Debtor's disputes with CAP.

8. The Debtor has selected Special Counsel for the reason that they have experience and familiarity in matters of this nature and are well qualified to represent the Estate and Debtor in Possession.

9. The Debtor seeks authorization to employ Special Counsel and to compensate them in accordance with the terms of the Fee Agreement, a copy of which is attached hereto and made a part hereof.

10. Special Counsel seeks approval of the payment of an initial retainer of $45,000.00 (the "Initial Retainer") and to be compensated for services at hourly rates as follows: $600.00 for John J. Morgan and $475.00 for Angela Fornis. Special Counsel has agreed to defer payment of $100 per hour for services rendered pending allowance of final compensation pursuant to 11 U.S.C. §330 (the "Deferred Compensation")

11. After the entry of an order approving and authorizing the employment of Special Counsel, the Debtor shall pay Special Counsel the Initial Retainer and compensation thereafter in excess of the Initial Retainer (the "Compensation").

12. Each month, Special Counsel will provide and circulate *via* email, at addresses to be provided to Special Counsel, including delivery to the Debtor, the United States Trustee and all parties who have filed appearances in this case (collectively, the "Recipients"), a monthly invoice or statement reflecting all services performed during that reporting period (the "Monthly Statement").

13. Each of the Recipients receiving the Monthly Statement(s) will have five (5) calendar days after the delivery of each such Monthly Statement (the "Review Period") to review the statement and, if appropriate, serve a Fee Objection (as defined below) in said party's sole and absolute discretion.

14. If no Fee Objection is timely served as provided herein, at the expiration of the Review Period, the Debtor will promptly pay all of the fees up to the amount of the Compensation, less the Deferred Compensation, and reimburse all of the costs and expenses requested in the Monthly Statement(s) subject to review and allowances of interim and final compensation and reimbursement of costs and expenses.

15. In the event Special Counsel fails to submit a Monthly Statement for any given month, it shall be entitled to combine such services and expenses in its next Monthly Statement. If Special Counsel does not submit a Monthly Statement, they shall be ineligible to receive payments of the Compensation until such time as the Monthly Statement is submitted, or pursuant to further order of this Court.

16. In the event that any of the Recipients has an objection to the compensation sought or the costs and expenses sought to be reimbursed in any of the Monthly Statements, the Recipient shall be required within the Review Period to serve *via* email delivery upon Special Counsel, Debtor's Counsel and all other Recipients a written objection (a "Fee Objection") setting forth the nature of the objection and the specific amount (the "Disputed Amount") at issue in reasonable detail. Thereafter, the objecting Recipient and Special Counsel shall attempt to reach a written agreement with respect to the Fee Objection. If the parties are unable to reach an agreement on the Fee Objection within five (5) calendar days after the expiration of the Review Period, then the objecting Recipient may file a motion with the Court to consider and dispose of the Fee Objection. Notwithstanding a Fee Objection, the Debtor shall promptly pay all of those fees up to the amount

of the Compensation and costs and expenses requested in the Monthly Statement less the Disputed Amount.

17. The pendency of any Fee Objection shall not disqualify Special Counsel from the future payment of Compensation or reimbursement of expenses in the manner as set forth above.

18. Special Counsel represents no interest adverse to the Debtor or to the estate in matters upon which they are to be engaged for the Estate.

19. To the best of the Debtor's knowledge, Special Counsel has no relationship or connection with the Debtor, its creditors, or any other party in interest herein, or their respective attorneys, the United States Trustee or any other person employed in the office of the United States Trustee, except Special Counsel is involved in litigation with CAP on unrelated matters. The Affidavit of John J. Morgan attesting to the foregoing, is attached hereto and made a part hereof.

20. The retention of Special Counsel to perform professional services for the Debtor as Debtor in Possession is in the best interest of this Estate.

21. Time is of the essence in getting the employment and the payment of the Initial Retainer to Special Counsel so that they can begin performing services for the Debtor.

22. Based on the forgoing, the Debtor requests that any further notice requirements be waived and/or shortened for "cause" shown in accordance with Bankruptcy Rules 2002(a) and 9006(c) and that the Court find that such notice is sufficient and approve same under Bankruptcy Rule 9007.

23. Written notice of this Motion has been provided either via first class mail or through the Court's CM/ECF system (as applicable), together with a copy of the Motion and all exhibits thereto, to the following: (a) the United States Trustee; (b) all parties who have filed an appearances and are registered to receive notice under the CM/ECF system; (c) all secured creditors; and, (d) the twenty largest unsecured creditors

**WHEREFORE**, the Debtor, IYS Ventures, LLC, prays for an order, pursuant to 11 U.S.C. §327(e) i) shortening the notice requirement of Bankruptcy Rule 2002 for cause shown; ii) limiting notice to the Debtor's twenty largest unsecured creditors; iii) authorizing the employment of the John J. Morgan and the law firm of Barr & Morgan as Special Counsel for the Debtor as Debtor in Possession under the terms and conditions set forth herein, effective August 10, 2023, iv) approving the payment of the Initial Retainer to Barr & Morgan, v) approving the payment procedure for compensation to John J. Morgan and Barr & Morgan as set forth herein, and vi) for such other further relief as this Court deems just.

By: /s/ Gregory K. Stern
Gregory K. Stern, Attorney

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558