UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| IYS VENTURES, LLC, | ) | CASE NO. 23-06782 |
| | ) | |
| DEBTOR. | ) | JUDGE DAVID D. CLEARY |

### SECOND SUPPLEMENT TO UNITED STATES TRUSTEE'S MOTION TO APPOINT CHAPTER 11 TRUSTEE AND TO SHORTEN NOTICE

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "**U.S. Trustee**"), by and through his attorney, Jeffrey L. Gansberg, hereby files his Second Supplement to United States Trustee's Motion to Appoint Chapter 11 Trustee and to Shorten Notice (the "**Second Supplement**"). In support of the Motion, and for his Second Supplement, the U.S. Trustee states as follows:

### BACKGROUND

1. On May 23, 2023 (the "**Petition Date**") the Debtor filed its Voluntary Chapter 11 Petition. [Dkt No. 1].

2. On July 14, 2023, the U.S. Trustee filed his United States Trustee's Motion to Appoint Chapter 11 Trustee and to Shorten Notice (the "**Motion**"). [Dkt No. 86]. The basis of the Motion, in large part, was the misconduct of the Debtor's principal -- himself a chapter 7 debtor (Case Number 23 B 6821). These alleged misdeeds included a checking account kiting schedule, fraudulent representations to various creditors, and a mechanism to shift the business, assets, and profits of the Debtor to certain management companies. On August 30, 2023, the U.S. Trustee filed a Supplement (the "**Supplement**") to his Motion. [Dkt No. 152]. In his Supplement, the U.S. Trustee provided additional examples of "cause." *See generally*, Supplement.

3. On September 1, 2023, the Debtor filed its Debtor's Response in Opposition to the United States Trustee's Motion to Appoint Chapter 11 Trustee and to Shorten Notice. [Dkt No. 172]

4. And on September 15, 2023, the U.S. Trustee filed his United States Trustee's Reply in Support of his Motion to Appoint Chapter 11 Trustee and to Shorten Notice (the "**Reply**"). [Dkt No. 203]. In his Reply, the U.S. Trustee included additional evidence of "cause" based on allegations made in the Debtor's Response. *See generally,* Reply.

5. Since filing his Reply, the U.S. Trustee has learned of additional information that gives rise to "cause" to appoint a chapter 11 trustee in this case.

6. Based upon information received by the U.S. Trustee, post-petition, IYS has attempted to transfer two liquor licenses (property of its bankruptcy estate) to Leanne Investments LLC DBA I Mart Stores. One of the requests is for the Debtor to transfer its liquor license for the facility at 1550 Queen City Av & Gas Pumps, Cincinnati, OH. *See* **Exhibit A**. The other request is for the Debtor to transfer its liquor license for the facility at 1326 Hopple St., Cincinnati, OH. *See* **Exhibit B**. Each of these transfer requests was made without first seeking authority from this Court to make the transfer. 11 U.S.C. §363.

7. Additionally, the U.S. Trustee has learned that the City of Cincinnati has sued the Debtor to abate a public nuisance. *See* Verified Complaint for Temporary Restraining Order, Temporary and Permanent Injunctive, and Declaratory Relief (the "**Complaint**") attached hereto as **Exhibit C**. The Debtor did not include the complaint filed by the City of Cincinnati on its Statement of Financial Affairs. [Dkt No. 21 at pp. 3 - 4}.

8. In the Complaint, the City of Cincinnati called the Debtor's Hopple Street location the "nexus of criminal activity that plagues the Camp Washington community." *See* Complaint at

2

¶ 13. The City of Cincinnati alleges that the Debtor has allowed the Hopple Street location to be used to facilitate (or at least, tolerate) significant criminal activity. Among the activity that has occurred is: (i) thefts, (ii) drug activity; (iii) robberies; (iv) assaults; and (v) firearm offenses. *See* Complaint at ¶ 15. Specifically, the City of Cincinnati has alleged that the Debtor's employees accept cash payments to allow drug activity to occur on the premises and that IYS and its principal are aware of the conduct. *Id.* at ¶ 17, 18, 35, 36.

9. Each of the foregoing constitutes additional "cause" to appoint a chapter 11 trustee in this case.

## ARGUMENT

### CAUSE EXISTS TO APPOINT A CHAPTER 11 TRUSTEE

10. In addition to the cause to appoint a trustee set forth in the Motion and the Reply, the U.S. Trustee has learned of additional bases in support of the Motion.

11. Those reasons are articulated above in paragraphs 6-8.

## CONCLUSION

12. Based on the foregoing, the U.S. Trustee submits that cause exists under Section 1104 to appoint a trustee in this case.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

Dated: September 21, 2023

By:   */s/ Jeffrey L. Gansberg*
Jeffrey L. Gansberg, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3327

3