# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| IYS Ventures, LLC | Case No. 23-06782 |
| Debtor. | Honorable David D. Cleary |
| | Hearing Date: August 21, 2024 |
| | Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

**TO:** See attached list

PLEASE TAKE NOTICE that on Wednesday, the 21st day of August, 2024, at 10:00 a.m., I will appear before the Honorable Judge David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 in the Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, or electronically as described below, and present **CROSSAMERICA PARTNERS LP'S MOTION FOR ENTRY OF ORDER: (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN; (II) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (III) APPROVING SOLICITATION PROCEDURES; (IV) APPROVING THE NOTICE OF COMBINED HEARING; (V) SCHEDULING CERTAIN DATES IN CONNECTION WITH CONFIRMATION; (VI) ESTABLISHING A BAR DATE FOR REQUESTING ALLOWANCE OF CERTAIN ADMINISTRATIVE EXPENSES; (VII) AUTHORIZING CAP TO FILE A COMBINED DISCLOSURE STATEMENT AND PLAN (VIII) WAIVING THE FIFTEEN-PAGE LIMIT UNDER LOCAL RULE 5005-3(D); AND (IX) GRANTING RELATED RELIEF**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457**, and the passcode is **Cleary644**.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: August 14, 2024

Respectfully Submitted:

CrossAmerica Partners LP

By:    /s/ Gordon E. Gouveia

One of its attorneys

Gordon E. Gouveia (#6282986)
Peter C. Buckley (admitted *pro hac vice*)
Matthew R. Higgins (#6336039)
FOX ROTHSCHILD LLP
321 North Clark Street, Suite 1600
Chicago, IL 60654
Tel: (312) 517-9200
ggouveia@foxrothschild.com

161367813.5

# CERTIFICATE OF SERVICE

I, Gordon E. Gouveia, certify that I caused a copy of the foregoing NOTICE OF MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, on August 14, 2024.

*/s/ Gordon E. Gouveia*

# SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants**

Patrick Layng, United States Trustee
219 South Dearborn Street, Suite 873
Chicago, Illinois 60604

Gregory K. Stern
Gregory K. Stern, P.C.
53 West Jackson Blvd.
Suite 1442
Chicago, IL 60604

John J. Morgan
Barr & Morgan
2777 Summer St.
5th Floor
Stamford, CT 06905

William J. Serritella
Yeoeun C. Yoon
111 East Wacker Drive, #2600
Chicago, Illinois 60601

Daniel Scheeringa
4711 Golf Road, #200
Skokie, Illinois 60076

William K. Kane
321 North Clark Street
32nd Floor
Chicago, Illinois 60654

161367813.5

Ariel Weissberg, Counsel for:
Ameer Investment, Inc.;
Areej Investment, Inc.;
Kareem, Inc.;
Kenan Ventures, Inc.;
Leanne Investments, Inc.;
Leanne Ventures, Inc.; and
Marks Supermarket NC, Inc.
Weissberg and Associates, Ltd.
125 South Wacker Drive
Suite 300
Chicago, IL 60606

John Reding, Counsel for Illinois Lottery
Illinois Attorney General's Office
100 W. Randolph St., 13th Floor
Chicago, IL 60601

Miriam Stein Granek, Counsel for Itria Ventures, LLC
Gutnicki LLP
4711 Golf Road
Suite 200
Skokie, IL 60076

Kimberly Ross Clayson, Counsel for The Huntington National Bank
Taft Stettinius & Hollister LLP
27777 Franklin Rd. Suite 2500
Southfield, MI 48034

**Parties Served Via United States Mail**

IYS Ventures, LLC
15416 South 70th Court
Orland Park, Illinois 60462

Aramark Uniform Services
2334 South Michigan Avenue
Chicago, IL 60616

BMW Bank of North America, c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

161367813.5

BMW Financial Services
Customer Service Center
PO Box 3608
Dublin, OH 43016-0306

Byzfunder NY, LLC
530 7th Avenue
Suite 505
New York, New York 10018

Coca-Cola Bottling Company
PO Box 105637
Atlanta, GA 30348

Fox Capital Group, Inc.
803 South 21st Avenue
Hollywood, FL 33020

Frito-Lay, Inc.
7700 Bulldog Drive
Summit Argo, IL 60501

Home State Security
250 East 5th Street
15 Floor
Cincinnati, OH 45202

M&M Service
315 East 15th Street
Covington, Kentucky 41011

Manistique Oil Company
216 Deer Street
Manistique, MI 49854

Marks Supermarket NC, Inc.
317 U.S. Highway 64 West
Creswell, North Carolina 27928

Mercedes Benz Financial Services
PO Box 5209
Carol Stream, IL 60197-5209

161367813.5

Nissan Motor Acceptance Corporation
Bankruptcy Department
P.O. Box 660577
Dallas, Texas 75266-0577

Pepsi Beverages Co.
2541 West 20th Avenue
Oshkosh, WI 54904

Red Bull Distribution Company
PO Box 204750
Dallas, TX 75320

Samson Funding
17 State Street
Suite 630
New York, New York 10004

U.S. Small Business Administration
409 3rd Street SW
Washington, DC 20416

We Energies
PO Box 2046
Milwaukee, WI 53201-2046

Wisconsin Department of Revenue
2135 Rimrock Road
Madison, WI 53713

Xcel Energy
PO Box 9477
Minneapolis, MN 55484-9477

161367813.5

| | |
|---|---|
| In re: | Chapter 11 |
| IYS Ventures, LLC | Case No. 23-06782 |
| Debtor. | Honorable David D. Cleary |
| | **Hearing Date: August 21, 2024**<br>**Hearing Time: 10:00 a.m.** |

**CROSSAMERICA PARTNERS LP'S MOTION FOR ENTRY OF ORDER: (I)
SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE
STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN; (II)
CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (III) APPROVING
SOLICITATION PROCEDURES; (IV) APPROVING THE NOTICE OF COMBINED
HEARING; (V) SCHEDULING CERTAIN DATES IN CONNECTION WITH
CONFIRMATION; (VI) ESTABLISHING A BAR DATE FOR REQUESTING
ALLOWANCE OF CERTAIN ADMINISTRATIVE EXPENSES; (VII) AUTHORIZING
CAP TO FILE A COMBINED DISCLOSURE STATEMENT AND PLAN (VIII)
WAIVING THE FIFTEEN-PAGE LIMIT UNDER LOCAL RULE 5005-3(D); AND (IX)
GRANTING RELATED RELIEF**

CrossAmerica Partners LP and certain of its affiliates[1] ("CAP"), by and through their

attorneys, Fox Rothschild LLP, hereby move, pursuant to sections 105, 1125, 1126, and 1128 of

title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules

2002, 3017, and 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for the entry of an order: (i) scheduling a combined hearing (the "Combined Hearing") on the

adequacy of the proposed *Combined Disclosure Statement and Chapter 11 Plan of Liquidation

Proposed by CrossAmerica Partners LP Dated August 14, 2024* (as it may be amended,

supplemented or modified from time to time pursuant to the terms thereof, the "Combined

---

[1] CAP affiliate Lehigh Gas Wholesale LLC is the fuel supplier under the Fuel Supply Agreements with the Debtor.
The Debtor leases certain of its locations from the following CAP-affiliated landlord entities: LGP Realty Holdings
LP, Erikson Oil Products, Inc., CAP Operations, Inc., Lehigh Gas Wholesale Services, Inc. and Lehigh Gas
Wholesale LLC.

<u>Disclosure Statement and Plan</u>") and confirmation of the proposed Combined Disclosure Statement and Plan; (ii) conditionally approving the disclosure statement contained within the Combined Disclosure Statement and Plan; (iii) approving plan solicitation procedures; (iv) approving a notice of the Combined Hearing; (v) scheduling certain dates and deadlines in connection with plan confirmation; (vi) establishing a bar date for requesting allowance of certain administrative expenses; (vii) authorizing CAP to file a combined disclosure statement and plan; (viii) waiving the fifteen-page limit under Rule 5005-3(D) of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "<u>Local Rules</u>"); and (ix) granting related relief (the "<u>Motion</u>"). In support of the Motion, CAP respectfully states as follows:

## I.   <u>BACKGROUND</u>

### A.   <u>Jurisdiction</u>

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (L), and (O). The statutory predicates for the relief requested herein are sections 105, 1125, 1126, and 1128 of the Bankruptcy Code and the applicable rules are Bankruptcy Rules 2002, 3017, and 3018.

### B.   <u>The Chapter 11 Case</u>

2.    On May 23, 2023 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "<u>Chapter 11 Case</u>").

3.    Since the Petition Date, the Debtor has remained in possession of its assets and has continued to maintain its operations and financial affairs as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.  A trustee has not been appointed in the Chapter 11 Cases.

161367813.5

4.      On June 22, 2023, the Debtor's meeting of creditors under section 341(a) of the Bankruptcy Code was held but not adjourned.

5.      On June 28, 2024, the Bankruptcy Court entered the *Order and Notice Setting Time to File Claims* [Docket No. 54] (the "Bar Date Order").  The Bar Date Order set the deadline for governmental units to file proofs of claim to November 20, 2023 and set the deadline for all other parties to file proofs of claim to September 1, 2023.

C.      **The Debtor's Competing Plan of Reorganization**

6.      On July 17, 2023 the Debtor filed the Debtor's *Second Amended Plan of Reorganization Filed by IYS Ventures, LLC (Dated July 17, 2024)* [Docket No. 615] (as may be amended or supplemented, the "Debtor's Plan") and the Debtor's *Second Amended Disclosure Statement to Second Amended Plan of Reorganization Filed by IYS Ventures LLC (Dated July 17, 2024)* [Docket No. 616] (as may be amended or supplemented, the "Debtor's Disclosure Statement").  For the reasons stated in Article IV of the Combined Disclosure Statement and Plan, CAP believes that the Debtor's creditors will be better served by CAP's plan of liquidation than the Debtor's plan of reorganization.

7.      The period during which the Debtor had the exclusive right to file a plan (the "Plan Exclusivity Period") initially ended on September 20, 2023.  The Debtor filed, and the Court granted, two motions extending the Plan Exclusivity Period to December 15, 2023 and January 12, 2024, respectively.  The Debtor did not file any additional motions seeking extensions of the Plan Exclusivity Period.  The period during which the Debtor had the exclusive right to solicit votes on a plan (the "Solicitation Period") initially ended on November 19, 2023.  The Debtor filed, and the Court granted, two motions extending the Solicitation Period to February 15, 2024 and March 13, 2024, respectively.  The Debtor did not file any additional motions seeking extensions of the Solicitation Period.

161367813.5

8.     Because the Plan Exclusivity Period and the Solicitation Period have lapsed, other parties in interest are authorized under § 1121(c) of the Bankruptcy Code to file a plan. Accordingly, CAP has standing to file the Combined Disclosure Statement and Plan and to pursue confirmation thereof.

### D.    The Plan and Disclosure Statement

9.     Prior to the presentment of this Motion, CAP will have filed the Combined Disclosure Statement and Plan. CAP believes that confirmation and consummation of the Combined Disclosure Statement and Plan will achieve the best possible outcome for creditors in this Chapter 11 Case.

10.    In accordance with section 1126 of the Bankruptcy Code, the Combined Disclosure Statement and Plan classifies claims and equity interests into certain classes for all purposes, including with respect to voting to accept or reject the Plan, as follows:

### SUMMARY OF STATUS AND VOTING RIGHTS[2]

| CLASS | TYPE OF CLAIM/INTEREST | TREATMENT | VOTING RIGHTS |
|---|---|---|---|
| N/A | Administrative Claims | *Unimpaired.* Each holder of an Allowed Administrative Claim will be paid in cash in full on the later of: (a) the Effective Date; or (b) allowance thereof by the Bankruptcy Court. | N/A |
| N/A | Priority Tax Claims | *Unimpaired.* Each holder of an Allowed Priority Tax Claim will be paid in cash in full on the later of: (a) the Effective Date of the Plan; or (b) allowance by the Bankruptcy Court. | N/A |
| Class 1(a) | Claims of Itria Ventures, LLC | *Unimpaired*<br><br>On, or as soon as reasonably practicable | Not entitled to |

---

[2] Capitalized terms in this Summary not defined in the Motion shall have the meaning ascribed such terms in the Combined Disclosure Statement and Plan.

| CLASS | TYPE OF CLAIM/INTEREST | TREATMENT | VOTING RIGHTS |
|-------|------------------------|-----------|---------------|
| | | after, the later of the Effective Date or the date such Class 1(a) Claim becomes Allowed, each Holder of an Allowed Class 1(a) Claim shall receive: (i) Cash equal to the value of such Holder's Allowed Class 1(a) Claim; or (ii) the return of the Holder's Collateral securing such Claims; or (iii) such other treatment rendering such Holder's allowed Class 1(a) Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | vote. |
| Class 1(b) | Huntington National Bank Claims | *Unimpaired*. On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 1(b) Claim becomes Allowed, each Holder of an Allowed Class 1(b) Claim shall receive: (i) Cash equal to the value of such Holder's Allowed Class 1(b) Claim; or (ii) the return of the Holder's Collateral securing such Claims; or (iii) Cash, from CAP, equal to the value of such Holders Allowed Class 1(b) Secured Claim in accordance with the terms of the CAP Settlement; or (iv) such other treatment rendering such Holder's allowed Class 1(b) Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | Not entitled to vote. |
| Class 2(a) | Mercedes-Benz Financial Services USA LLC Claims | *Unimpaired*. On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 2(a) Claim becomes Allowed, each Holder of an Allowed Class 2(a) Claim shall receive: (i) Cash equal to the value of such Holder's Allowed Class 2(a) Claim; or (ii) the return of the Holder's Collateral securing such Claims; or (iii) such other treatment rendering such Holder's allowed Class 2(a) Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | Not entitled to vote. |

161367813.5

| CLASS | TYPE OF CLAIM/INTEREST | TREATMENT | VOTING RIGHTS |
|---|---|---|---|
| Class 2(b) | BMW Bank of North America | *Unimpaired*. On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 2(b) Claim becomes Allowed, each Holder of an Allowed Class 2(b) Claim shall receive: (i) Cash equal to the value of such Holder's Allowed Class 2(b) Claim; or (ii) the return of the Holder's Collateral securing such Claims; or (iii) such other treatment rendering such Holder's allowed Class 2(b) Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | Not entitled to vote. |
| Class 2(c) | Ally Bank | *Unimpaired*. On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 2(c) Claim becomes Allowed, each Holder of an Allowed Class 2(c) Claim shall receive: (i) Cash equal to the value of such Holder's Allowed Class 2(c) Claim; or (ii) the return of the Holder's Collateral securing such Claims; or (iii) such other treatment rendering such Holder's allowed Class 2(c) Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | Not entitled to vote. |
| Class 3 | Other Secured Claims | *Unimpaired*. On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 3 Claim becomes Allowed, each Holder of an Allowed Class 3 Claim shall receive: (i) Cash equal to the value of such Holder's Allowed Class 3 Claim; or (ii) the return of the Holder's Collateral securing such Claims; or (iii) such other treatment rendering such Holder's allowed Class 3 Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | Not entitled to vote. |
| Class 4 | Other Priority Claims | *Unimpaired*. On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 4 Claim becomes Allowed, each Holder of an Allowed Class 4 Claim shall receive Cash | Not entitled to vote. |

161367813.5

| CLASS | TYPE OF CLAIM/INTEREST | TREATMENT | VOTING RIGHTS |
|---|---|---|---|
| | | equal to the value of such Holder's Allowed Class 4 Claim. | |
| Class 5 | General Unsecured Claims | *Impaired.* On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 5 Claim becomes Allowed, each Holder of an Allowed Class 5 Claim shall receive Cash in an amount equal to its Pro Rata share among all Holders of General Unsecured Claims of the Distribution Fund, not to exceed the amount of such Allowed General Unsecured Claim | Entitled to vote. |
| Class 6 | Interests in Debtor IYS Ventures, LLC | *Impaired.* On the Effective Date, Interests in Debtor IYS Ventures, LLC shall be canceled, released, and expunged without any Distribution on account of such Interests, and such interests will be of no further force or effect. | Note entitled to vote. Deemed to reject. |

11.     As set forth in more detail in the Combined Disclosure Statement and Plan, Classes 1–4 are unimpaired under the Plan. Classes 1–4 are therefore conclusively presumed to accept the Plan, and solicitation of their acceptance is unnecessary. See 11 U.S.C. § 1126(f). Likewise, Class 6 is proposed to neither receive nor retain property under the Plan, and is therefore deemed not to accept the Plan. *See id.* at § 1126(g). Consequently, the only Class entitled to vote on the Combined Disclosure Statement and Plan is Class 5 (the "Voting Class"). CAP intends to solicit votes to accept or reject the Combined Disclosure Statement and Plan only from Holders of Claims in the Voting Class, and not from Holders of Claims or Interests in Classes 1–4 or Class 6 (collectively, the "Non-Voting Classes"), or from holders of administrative expense claims or tax claims entitled to priority under section 507(a)(8) of the Bankruptcy Code (collectively, "Unclassified Claims").

161367813.5

## II.    <u>RELIEF REQUESTED</u>

12.     By this Motion, the Debtors request that the Court:

- Schedule a Combined Hearing on approval and confirmation Combined Disclosure Statement and Plan;

- Conditionally approve the Combined Disclosure Statement and Plan;

- Approve the form and manner of notice of the Combined Hearing and the Objection Deadline (as defined below);

- Establish a Record Date and a Voting Deadline (as those terms are defined below);

- Approve the proposed Solicitation and Tabulation Procedures (as defined below);

- Set a deadline to request allowance of administrative expenses for claims arising in the Chapter 11 Cases through and including August 21, 2024, other than claims of professionals and the UST, and claims for which a Bar Date has already been established; and

- Set other deadlines in connection with confirmation of the Combined Disclosure Statement and Plan.

13.     CAP also requests that the Court approve the following confirmation-related deadlines and schedule (capitalized terms not defined supra having the respective definitions set forth infra):

| | | |
|---|---|---|
| August 14, 2024 | – | Record Date for Voting |
| One (1) week following entry of order granting Motion | – | Deadline to Serve Combined Hearing Notices and Limited Administrative Bar Date Notices upon Notice Recipients; Deadline to Serve Ballots upon holders of claims in the Voting Classes. |
| Four (4) weeks following the Deadline to Serve Combined Hearing Notices | – | Deadline to File Rule 3018(a) Motions; Limited Administrative Bar Date; Voting Deadline |
| Four (4) weeks following the Deadline to Serve combined Hearing Notices | – | Deadline for Filing Objections to Confirmation or Adequacy of Disclosure Statement |

-14-

| One (1) week following the Deadline for Filing Objections to Confirmation | – | Deadline for Filing Written Responses to Objections Confirmation or Adequacy of Disclosure Statement |
|---|---|---|
| One (1) week following the Voting Deadline | – | Ballot Report Deadline |
| One (1) week following the Ballot Report Deadline | – | Combined Hearing on Disclosure Statement Approval and Plan Confirmation |

CAP submits that all of the dates proposed above comply with the notice required by Bankruptcy Rules 2002 and 3017, and the Court's Local Rule 3018-1.

## III. BASIS FOR RELIEF REQUESTED

### A. Combined Hearing

14. When a combined hearing on confirmation of a plan and approval of a disclosure statement is "appropriate to ensure that the case is handled expeditiously and economically," section 105 of the Bankruptcy Code expressly permits courts to combine the hearings into one. 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Colony Beach & Tennis Club, Inc.*, 508 B.R. 468, 487 (Bankr. M.D. Fla. 2014) ("Section 105(d)(2)(B) expressly permits the hearing on approval of the disclosure statement to be combined with the hearing on confirmation of a Chapter 11 plan."); *In re Aspen Limousine Serv., Inc.*, 187 B.R. 989, 995 (Bankr. D. Colo. 1995) ("Section 105(d)(2) lets this Court 'mix and match' the opportunities and timing for a debtor, creditors, and parties-in-interest, to file plans and disclosure statements, and solicit acceptances of such plans.").

15. Courts permit a combined hearing on a disclosure statement and plan where doing so promotes "judicial efficiency and economy." *In re Cypresswood Land Partners*, I, 409 B.R. 396, 425 (Bankr. S.D. Tex. 2009); *see also In re St. Margaret's Health – Peru*, Case No. 23-11641 (Bankr. N.D. Ill. May 8, 2024) (scheduling combined hearing on plan and disclosure

statement); *In re Arro Corporation*, Case No. 19-35238 (Bankr. N.D. Ill. July 1, 2020), at ECF No. 241; *In re Marbles Holdings, LLC*, Case No. 17-3309 (Bankr. N.D. Ill. Aug. 1, 2017), at ECF No. 363 (same); *In re Gulf Packaging, Inc.*, Case No. 15-15249 (Bankr. N.D. Ill. Nov. 3, 2015), at ECF No. 264 (same); *In re ERG Intermediate Holdings, LLC*, No. 15-31858-hdh-11 (Bankr. N.D. Tex. Sept. 21, 2015), at ECF No. 534 (same); *In re Reddy Ice Holdings, Inc.*, Case No. 12-32349 (Bankr. N.D. Tex. May 11, 2012), at ECF No. 331 (same); *In re Hearthside Baking Co.*, Case No. 08-1187 (Bankr. N.D. Ill. Jan. 9, 2009), at ECF No. 206 (same).

16. CAP has requested the Combined Hearing because the Debtor has limited resources available for exiting chapter 11. By combining the hearings on the adequacy of a disclosure statement and the confirmation of a plan, the overall process toward confirmation of the Combined Disclosure Statement and Plan will be shortened and streamlined. The Combined Hearing will ultimately benefit the creditors by minimizing administrative expenses and expediting the Debtor's exit from chapter 11.

17. Moreover, CAP submits that there is no prejudice to creditors and other parties in interest by combining hearings. The universe of parties in interest that have actively participated in the Chapter 11 Case has been fairly limited, and as with all noticed parties, such participants will have ample opportunity to review and consider the Combined Disclosure Statement and Plan and respond in kind.

18. For the foregoing reasons, CAP respectfully requests that the Court authorize, and schedule, the Combined Hearing requested in this Motion.

B. **Conditional Approval of Disclosure Statement**

19. To ensure compliance with the requirement in section 1125(b) of the Bankruptcy Code, CAP seeks conditional approval of the Combined Disclosure Statement and Plan at the presentment hearing on this Motion. CAP will seek full and final approval of the

Combined Disclosure Statement and Plan at the Combined Hearing, but the solicitation process may not begin until such time as "a written disclosure statement [is] approved, after notice and a hearing, by the court . . . ." 11 U.S.C. § 1125(b). CAP must have an approved disclosure statement before beginning the solicitation process.

20.     Disclosure statements must provide creditors and interested parties with "adequate information," as defined by section 1125(a)(1) of the Bankruptcy Code, for purposes of voting on plans of reorganization. 11 U.S.C. § 1125(b). Adequate information "means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor . . . that would enable [] a hypothetical investor of the relevant class to make an informed judgment about the plan . . . ." 11 U.S.C. § 1125(a)(1). Adequate information, although defined by statute, is subjective and "[t]he standard for disclosure is, thus, flexible . . . ." *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008). Indeed, one of the factors that courts may consider, according to the statute is "the cost of providing additional information." 11 U.S.C. § 1125(a)(1).

21.     CAP respectfully submits that the Combined Disclosure Statement and Plan provides information sufficient for Holders of Claims entitled to vote, so that they may do so on an informed basis. The Combined Disclosure Statement and Plan contains detailed information regarding the Debtor and events leading up to the Chapter 11 Case, as well as major events that have occurred during the Chapter 11 Case. Further, the Combined Disclosure Statement and Plan provides information regarding distributions, implementation, and classification and treatment of claims and equity interests. Thus, CAP submits that the Combined Disclosure Statement and Plan provides adequate information and should be approved, conditionally, to allow CAP to commence solicitation of votes to accept or reject the Combined Disclosure Statement and Plan.

161367813.5

C.    **Approval of the Combined Hearing Notice**

22.    Bankruptcy Rule 3017(a) describes the requirements for notice of a hearing on a disclosure statement:

> [A]fter a disclosure statement is filed in accordance with [Bankruptcy] Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in [Bankruptcy] Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bankr. P. 3017(a).

23.    Bankruptcy Rule 3017(d) identifies the materials that must be provided to holders of claims and equity interests for purposes of soliciting their votes and providing adequate notice of the hearing to consider confirmation of a plan. In pertinent part, Bankruptcy Rule 3017(d) provides:

> Upon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1) the plan or a court-approved summary of the plan;
>
> (2) the disclosure statement approved by the court;
>
> (3) notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

24.     Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice by mail to all creditors and indenture trustees of the dates and times set for filing objections to, and the hearings to consider approval of, chapter 11 plans and disclosure statements. Bankruptcy Rule 2002(d) requires that equity security holders be given notice of the foregoing in the manner and the form directed by the Court.

25.     In accordance with these requirements, CAP proposes to mail, within five (5) business days of entry of an order granting this Motion, a copy of the notice attached as **Exhibit A** to the proposed order filed in connection herewith (the "Combined Hearing Notice"), by first-class U.S. mail, postage prepaid, to: (a) all Potential Creditors (as defined below); (b) all holders of record of equity security interests in either Debtor; (c) the UST; (d) counsel to the Itria Ventures, LLC; (e) counsel to Huntington National Bank; (f) counsel to Eby-Brown Company, LLC; (g) the U.S. Securities and Exchange Commission; and (h) all other parties who have requested notice and service of all documents in the Chapter 11 Case (collectively, the "Notice Recipients").

26.     "*Potential Creditors*," in this context, means all entities: (a) listed in the Schedules as holding liquidated, non-contingent, and undisputed claims against the Debtor; (b) that have filed a proof of claim or request for allowance of an section 503(b)(9) administrative expense in the Chapter 11 Case as of the applicable Bar Date; and (c) listed as counterparties to unexpired leases or executory contracts in the Debtor's Schedule G.

27.     Bankruptcy Rules 2002(b), (d), and 3017(a) collectively require not less than twenty-eight (28) days' notice to all creditors and equity security holders of the time fixed for

161367813.5

filing objections and the hearing to consider confirmation of a chapter 11 plan. CAP believes that these requirements will be fully satisfied by the mailing of the Combined Hearing Notice as provided herein, which will be directed to all Potential Creditors and equity security holders, and will occur not less than twenty-eight (28) days prior to the Objection Deadline, and not less than thirty (30) days prior to the Combined Hearing.

28.     CAP proposes that objections, if any, to the approval or confirmation of the Combined Disclosure Statement and Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) no later than four (4) weeks following the Deadline to Serve Combined Hearing Notices (the "Objection Deadline"), be either (i) filed electronically via the Court's CM/ECF System, or (ii) if permitted by the Court's *Administrative Procedures for the Case Management/Electronic Case Filing System*, filed in paper form with the Office of the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois (the "Clerk's Office"). In the event an objection to the approval or confirmation of the Combined Disclosure Statement and Plan is filed in paper form as provided above, the objecting party must also submit paper copies of their objection (via prepaid U.S. mail, overnight delivery, or hand delivery) to the following parties, so as to be actually received by each of them by the Objection Deadline: (i) counsel to CAP, 321 N. Clark Street, Chicago, IL 60654, Attn: Gordon E. Gouveia and Matthew R Higgins (ggouveia@foxrothschild.com and mhiggins@foxrothschild.com); and (ii) the UST, 219 S. Dearborn St., Room 873, Chicago, IL 60604, Attn: Jeffrey L. Gansberg (Jeffrey.L.Gansberg@usdoj.gov).

29.     CAP further proposes that the deadline to file any written responses to such objection(s) be one (1) week following the Deadline for Filing Objections to Confirmation.  In

proposing this deadline, CAP does not intend to foreclose its rights, or the rights of any other party in interest, to oppose objections to the Combined Disclosure Statement and Plan at the Combined Hearing, even without filing a written response. Should additional time be required to consider any objections, CAP and the Court retain the right to continue the Combined Hearing.

30.     The Combined Hearing Notice sets forth, among other things: (a) the Voting Deadline for the submission of Ballots (as defined below) to accept or reject the Plan; (b) the Objection Deadline; (c) a summary of the Plan; (d) the time, date and place of the Combined Hearing; and (e) contact information for CAP's counsel, from whom parties may tender written requests (via email or otherwise) and obtain copies of the Combined Disclosure Statement and Plan at no charge.

31.     Additionally, the Combined Hearing Notice will recite, in their entirety, certain provisions of the Plan concerning: (a) injunctions against creditors and other parties in interest commencing or continuing actions, or asserting claims against, CAP; (b) exculpating certain key parties with respect to actions taken during the Chapter 11 Case; and (c) releases given by holders of claims against and interests in the Debtors.

32.     CAP respectfully submits that mailing additional documents to creditors and equity security holders in connection with the solicitation and confirmation of the Combined Disclosure Statement and Plan – *e.g.*, hard copies thereof – would be unwarranted given the facts of the Chapter 11 Case. The Debtor's creditor matrix filed with the Court contains 112 separate creditor addresses, and the Combined Disclosure Statement and Plan is approximately 75 pages. A mailing of this size would be exceedingly expensive. Moreover, as stated above, the Combined Disclosure Statement and Plan and other information will be available in paper form upon written request to CAP's counsel free of charge. Further, any parties who are represented by counsel that

have filed appearances in the Chapter 11 Case will automatically be provided copies of the Combined Disclosure Statement and Plan and any related filings free of charge through the Bankruptcy Court's CM/ECF system.

33. CAP recognizes that an alternative to providing paper copies of plans and disclosure statements in other cases has been to mail flash drives or CD-ROMs to the appropriate parties. Based on experience from prior cases, however, the CAP's counsel believes that providing the Combined Disclosure Statement and Plan via either of these electronic media would not provide a great cost savings. Further, CAP and its counsel believe that many business entities have policies restricting employees from installing flash drives from unknown sources. In those instances, it is likely creditors would contact counsel for CAP and request paper copies anyway, thereby wasting resources.

34. CAP therefore submits that service of the Combined Hearing Notice, in the manner indicated and reflected herein and in Exhibit A to the proposed order, provides adequate notice to all parties of the Combined Disclosure Statement and Plan and does not prejudice any person or entity from obtaining copies of these documents in a variety of ways. Accordingly, CAP requests that the Court approve the form of notice requested by CAP as being appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**D.** **Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan**

35. By this Motion, CAP also requests approval of the solicitation and ballot tabulation procedures that are described below (collectively, the "Solicitation and Tabulation Procedures"). The Solicitation and Tabulation Procedures set forth in detail (a) the procedures for the distribution of Ballots to the Debtor's creditors entitled to vote on the Combined Disclosure

Statement and Plan and (b) certain procedures and rules regarding the tabulation of votes to accept or reject the Combined Disclosure Statement and Plan. CAP respectfully submits that the Solicitation and Tabulation Procedures are appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

### 1.    <u>Mailing of the Ballots</u>

36.    Ballots will be mailed to all Class 5 Claimants, as part of the same mailing as the Combined Hearing Notices and the Limited Administrative Bar Date Notices.

### 2.    <u>The Record Date</u>

37.    CAP proposes that the Court establish August 14, 2024 as the record date pursuant to Bankruptcy Rules 3017(d) and 3018(a) for purposes of determining which parties in interest are entitled to receive Ballots and to vote on the Plan (the "<u>Record Date</u>"). The Record Date will have sufficiently followed expiration of the Governmental Bar Date of November 20, 2023, the last date by which a creditor of any kind could have timely filed a proof of claim[3].

38.    With respect to a transferred claim, CAP further proposes that the transferee will be entitled to receive a Ballot (upon request) and exercise any voting rights that apply to such claim, if: (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed; or (b) the transferee files (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

39.    Rule 3017(e) provides that, at the disclosure statement hearing, the Court

> shall consider the procedures for transmitting the documents and information required by subdivision (d) of this rule to beneficial holders of stock, bonds, debentures, notes and other securities,

---

[3] Limited exceptions to the Bar Dates exist for certain (i) scheduled claims that have been amended and (ii) rejection damage claims.

determine the adequacy of the procedures, and enter any orders the court deems appropriate.

Fed. R. Bankr. P. 3017(e).

40. CAP respectfully submits that the procedures proposed herein are appropriate under the circumstances.[4]

### 3. Deadline for Receipt of Ballots Accepting or Rejecting the Combined Disclosure Statement and Plan

41. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court may fix a time within which the holders of claims or equity interests may accept or reject a plan. CAP proposes that, to be counted as votes to accept or reject the Combined Disclosure Statement and Plan, all Ballots must be executed, completed, and delivered to the CAP's counsel either by (a) First-Class mail, (b) overnight mail, or (c) personal delivery, so that, in each case, such Ballots are actually received by CAP's counsel on or before four (4) weeks following the Deadline to Serve Combined Hearing Notices (the "Voting Deadline"). Only signed Ballots will be accepted and must be received by CAP's counsel no later than the Voting Deadline. Ballots must be mailed to the CAP's counsel at the address listed below:

Counsel to CrossAmerica Partners LP
Fox Rothschild LLP
Attn.: Matthew R. Higgins
321 N. Clark Street, Suite 1600
Chicago, IL 60654

42. CAP respectfully submits that the Voting Deadline provides sufficient time for parties in interest to make informed decisions to accept or reject the Combined Disclosure Statement and Plan and submit timely Ballots.

---

[4] Establishment of the Record Date is without prejudice to the Debtors' rights to object to certain claims, and the effect of such objections on the right to vote. See 11 U.S.C. § 1126(a) (only holders of allowed claims may vote).

### 4. **Procedures for Vote Tabulation**

43.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

44.     Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

45.     As noted above, Classes 1–4 are unimpaired under the Plan, and the holders of such claims are therefore deemed to accept the Combined Disclosure Statement and Plan and are not entitled to vote thereon. In addition, the holders of equity interests in Class 6 are deemed to reject the Combined Disclosure Statement and Plan, and are not entitled to vote thereon, because the Combined Disclosure Statement and Plan proposes to extinguish such equity interests. Unclassified Claims, likewise, are not part of any voting class and are not entitled to vote. As a result, the only class whose claims are relevant for purposes of voting is the Voting Class, i.e., Class 5.

46.     Solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan — and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtor in any other context — CAP proposes that each claim within the Voting Class be allowed temporarily for the purpose of voting to accept or reject the Combined Disclosure Statement and Plan in accordance with the following rules

161367813.5

(collectively, and together with additional rules specified below, the "<u>Tabulation Rules</u>")[5]:

a. unless otherwise provided in the Tabulation Rules, a claim will be allowed for voting purposes in the amount of such claim as set forth in the proof of claim timely filed by the applicable Bar Date by such creditor, or if no proof of claim has been timely filed, in the noncontingent, undisputed, liquidated amount set forth in the Schedules;

b. each claim can only be voted once; if a creditor appears to have filed more than one proof of claim with respect to a single claim against the Debtor, the latest-filed proof of claim will be deemed to have superseded all prior proofs of claim filed with respect to such claim;

c. if a claim is deemed allowed pursuant to the terms of the Combined Disclosure Statement and Plan, such claim will be allowed for voting purposes in the deemed allowed amount set forth in the Combined Disclosure Statement and Plan;

d. if the amount of a claim has been identified as "unknown" in a proof of claim, the claim will be allowed for voting purposes in the amount of $1.00. However, an identified claim amount of "unknown" will not be allowed for voting purposes if such claim was not timely and properly filed on or before the applicable Bar Date;

e. if a claim is scheduled at $0.00, in an unknown amount, or as unliquidated, contingent, or disputed, and a proof of claim was not (i) timely filed by the applicable Bar Date, or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, then such claim is disallowed for voting purposes; provided, however, if the applicable Bar Date has not expired prior to the Voting Record Date, a claim listed in the Schedules as contingent, disputed, or unliquidated shall vote at $1.00;

f. if a claim has been estimated or allowed by the Court, such claim will be allowed for voting purposes in the amount so estimated or allowed by the Court;

g. if a party in interest seeks to reduce or eliminate the amount of a claim in an objection filed before the Voting Deadline, such claim will be allowed for voting purposes in the amount to which the party in interest seeks to reduce such claim, pending allowance of the

---

[5] To the extent a proof of claim has been filed on or before the applicable Bar Date but no objection thereto has been filed, the claim shall be allowed for voting purposes in the amount set forth in such proof of claim, except as provided herein. If no timely proof of claim has been filed, the amount set forth in the applicable Debtor's Schedules shall govern.

161367813.5

claim in a higher amount by the Court;

h. any Ballot that is (i) properly completed, executed, and timely returned to CAP but that does not indicate an acceptance or rejection of the Combined Disclosures Statement and Plan, or indicates both an acceptance and rejection of the Plan, or (ii) illegible, mutilated or incomplete, will not be counted as an acceptance or rejection of the Combined Disclosure Statement and Plan;

i. if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the latest-dated properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots;

j. for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated and treated as if such creditor held one claim in such class, and all votes related to such claim will be treated as a single vote to accept or reject the Combined Disclosure Statement and Plan;

k. creditors are required to vote all of their claims within a particular class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan and may not split their votes – thus, a Ballot that partially rejects and partially accepts the Combined Disclosure Statement and Plan will not be counted; and

l. Ballots received after the Voting Deadline will not be tabulated for determining whether a class has voted to accept or reject the Combined Disclosure Statement and Plan.

47. Any claim holder who seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules shall be required to file a motion pursuant to Bankruptcy Rule 3018 (a "Rule 3018 Motion") and serve such motion on counsel to CAP, such that it is received on or before four (4) weeks following the Deadline to Serve Combined Hearing Notices. Such motion shall, to the extent necessary, be heard at the Combined Hearing. In accordance with Bankruptcy Rule 3018, any Ballot submitted by a claim holder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Rules unless and until (a) the underlying claim is allowed temporarily by the Court for voting purposes in a different amount

or (b) CAP agrees to allow the claim for voting purposes in a different amount.

48.     As required by the Court's Local Rule 3018-1, CAP will prepare a report of balloting on the Plan (the "Ballot Report") and file the Ballot Report on or before one (1) week following the Voting Deadline (the "Ballot Report Deadline"). Consequently, parties in interest will be given five (5) business days' notice of the Ballot Report prior to the Combined Hearing, even more than the three (3) days required by Local Rule 3018-1(4).

### E.     Limited Administrative Bar Date

49.     Finally, CAP requests that the Court set four (4) weeks following the Deadline to Serve Combined Hearing Notices as the bar date (the "Limited Administrative Bar Date") for the filing of requests for payment of administrative expense claims accruing through and including August 21, 2024, *other than* (a) claims of professionals and (b) claims of the UST under 28 U.S.C. § 1930(a)(6).

50.     CAP proposes to provide notice of the Limited Administrative Bar Date through inclusion of the bar date notice attached as **Exhibit B** to the proposed order filed in connection herewith (the "Limited Administrative Bar Date Notice"), along with the Combined Hearing Notice.

### F.     Authorization to Propose a Combined Disclosure Statement and Plan

51.     For purposes of efficiency, CAP is proposing a disclosure statement and a plan that are combined into a single document.  Courts in various jurisdictions have approved of this practice.  *See, e.g.*, *In re AF Liquidation, Inc., et al.*, Case No. 23-10727 (Bankr. D. Del. Oct. 25, 2023) (confirming a plan that was combined with a disclosure statement); Rule 3016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas ("A disclosure statement and plan may be combined into one document.").  Accordingly, CAP requests that the Court allow CAP to propose and solicit acceptances of a disclosure statement and

a plan of liquidation that are combined into a single document, rather than a separate disclosure statement and plan.

### G. <u>Waiver of Fifteen-Page Limit</u>

52.     The Court's Local Rule 5005-3(D) provides, "No motion . . . in excess of fifteen pages may be filed without prior approval of the court." This Motion, exclusive of its notice of motion and proposed order, consists of twenty-three pages. Due to the relatively complex nature of the Chapter 11 Cases and the relief sought herein, the Debtors submit that fifteen pages would not have been sufficient space for the Debtors to explain the necessary factual background, the relief sought, and the bases therefor. The Debtors submit that the Motion, in its current form, is the most concise means of conveying the information needed by the Court and parties-in-interest. The Debtors therefore request that Local Rule 5005-3(D) be waived with respect to this Motion.

## IV.   <u>CONCLUSION</u>

53.     CAP respectfully submits that the foregoing procedures for providing notice of the Combined Hearing, the Objection Deadline, the Limited Administrative Bar Date and related matters fully comply with Bankruptcy Rules 2002, 3017, and 3018. Accordingly, CAP requests that the Court approve such procedures as appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## V.   <u>NOTICE</u>

54.     Notice of this Motion and the hearing thereon, as well as the Motion itself, have been served via the Court's CM/ECF system and/or regular U.S. Mail, on not less than seven (7) days' notice, upon (a) the Debtor; (b) the UST; and (c) all other parties who have requested notice and service of pleadings via CM/ECF in the Chapter 11 Case. CAP respectfully requests that such notice be deemed appropriate and that no other or further notice need be provided.

WHEREFORE, CAP, respectfully request the entry of an order in accordance with the

161367813.5

foregoing recommendations in the form filed herewith and made a part hereof without further

notice, and such other and further relief as is just.


Dated: August 14, 2024                                    Respectfully Submitted:

                                                          CrossAmerica Partners LP

                                                          By:    */s/ Gordon E. Gouveia*
                                                                 One of its attorneys

Gordon E. Gouveia (#6282986)
Peter C. Buckley (admitted *pro hac vice*)
Matthew R. Higgins (#6336039)
FOX ROTHSCHILD LLP
321 North Clark Street, Suite 1600
Chicago, IL 60654
Tel: (312) 517-9200
ggouveia@foxrothschild.com

161367813.5