# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| IYS Ventures, LLC | Case No. 23-06782 <br> (Jointly Administered) |
| Debtor. | Honorable David D. Cleary |

**ORDER GRANTING CROSSAMERICA PARTNERS LP'S MOTION FOR ENTRY OF ORDER: (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN; (II) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (III) APPROVING SOLICITATION PROCEDURES; (IV) APPROVING THE NOTICE OF COMBINED HEARING; (V) SCHEDULING CERTAIN DATES IN CONNECTION WITH CONFIRMATION; (VI) ESTABLISHING A BAR DATE FOR REQUESTING ALLOWANCE OF CERTAIN ADMINISTRATIVE EXPENSES; (VII) AUTHORIZING CAP TO FILE A COMBINED DISCLOSURE STATEMENT AND PLAN (VIII) WAIVING THE FIFTEEN-PAGE LIMIT UNDER LOCAL RULE 5005-3(D); AND (IX) <u>GRANTING RELATED RELIEF</u>**

THIS CAUSE coming to be heard on the motion of CrossAmerica Partners LP and certain of its affiliates[1] (collectively, "<u>CAP</u>"), pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") and Rules 2002, 3017, and 3018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for the entry of an order: (i) scheduling a Combined Hearing (defined below) on the adequacy of their proposed *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by CrossAmerica Partners LP Dated August 13, 2024* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "<u>Combined Disclosure Statement and Plan</u>") and confirmation of the Combined Disclosure Statement and Plan; (ii) conditionally approving the disclosure statement contained in the Combined Disclosure Statement and Plan; (iii) approving plan solicitation procedures; (iv) approving notice of the Combined Hearing; (v) scheduling certain dates in connection with plan confirmation; (vi) establishing a bar date for requesting allowance of certain administrative expenses; (vii) waiving the fifteen-page limit under Local Rule 5005-3(D); and (viii) granting related relief (the "<u>Motion</u>"); capitalized terms not defined herein having the meaning ascribed to such terms in the Motion; the Court having heard the statements in support of the relief requested at the hearing, and having determined that the relief requested in the Motion is in the best interests of the Debtor's creditors and other parties in interest; it appearing that notice of the Motion was good and sufficient under the circumstances

---

[1] CAP affiliate Lehigh Gas Wholesale LLC is the fuel supplier under the Fuel Supply Agreements with the Debtor. The Debtor leases certain of its locations from the following CAP-affiliated landlord entities: LGP Realty Holdings LP, Erikson Oil Products, Inc., CAP Operations, Inc., Lehigh Gas Wholesale Services, Inc. and Lehigh Gas Wholesale LLC.

and that no other or further notice need be given; it appearing that there is good cause to grant the relief requested; and the Court having jurisdiction over the parties and the subject matter of the Motion;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.     The Motion is granted as provided herein.

2.     A hearing to consider approval of the Combined Disclosure Statement and Plan (the "Combined Hearing") shall commence on _____, 2024 at 10:30 a.m. prevailing Central Time. The Combined Hearing may be adjourned from time to time without any notice other than an announcement made in open court or at any adjourned hearing thereon.

3.     The disclosure statement contained within the Combined Disclosure Statement and Plan is approved on a conditional basis.

4.     Notice of the Combined Hearing in the form attached hereto as **Exhibit A** (the "Combined Hearing Notice") is hereby approved.

5.     August 14, 2024 is hereby established as the record date, pursuant to Bankruptcy Rule 3017(d), for purposes of determining which parties in interest are entitled to receive the Combined Hearing Notice and, where applicable, to receive ballots and to vote on the Combined Disclosure Statement and Plan (the "Record Date").

6.     The *Notice of Deadline for Filing of, and Exclusive Procedures Regarding Requests for Allowance and Payment of Certain Administrative Expenses*, attached hereto as **Exhibit B** (the "Limited Administrative Bar Date Notice"), is hereby approved.

7.     _____, 2024, at 4:00 p.m. (prevailing Central Time) shall be the last date to file a request for allowance of administrative expense claims accruing through and including __ _____, 2024 *other than* (a) claims of professionals and (b) claims of the United States Trustee under 28 U.S.C. § 1930(a)(6).

8.     Within five (5) business days of entry of this Order (the "Mailing Deadline"), CAP shall cause to be mailed copies of the Combined Hearing Notice and the Limited Administrative Bar Date Notice to: (a) all Potential Creditors (as defined below); (b) all holders of record of equity security interests in the Debtor; (c) the U.S. Securities and Exchange Commission; (d) the Office of the U.S. Trustee for Region 11; (e) the Debtor; and (f) all other parties who have requested notice and service of all documents in this Chapter 11 Case. "Potential Creditors" shall mean all entities: (w) listed in the Debtor's bankruptcy schedules (as may have been or may be amended from time to time, the "Schedules") as holding liquidated, non-contingent, and undisputed claims against the Debtor; (x) that have filed a proof of claim, or request for allowance of a § 503(b)(9) administrative expense, as of the applicable bar date; (y) listed as counterparties to unexpired leases or executory contracts in the Debtor's Schedule G; or (z) with whom the Debtor did business after the Petition Date and may therefore hold postpetition administrative expense claims.

9.     On or before the Mailing Deadline, in addition to the Combined Hearing Notice and the Limited Administrative Bar Date Notice as provided in the immediately preceding

paragraph, CAP shall cause ballots to be mailed to each entity (i) listed in the Schedules as having a liquidated, non-contingent, and undisputed General Unsecured Claim against the Debtor or (ii) that filed a proof of General Unsecured Claim on or before the applicable bar date.

10.     CAP shall make available, at no charge, copies of the Combined Plan and Disclosure Statement by written request to counsel for CAP.

11.     _____, 2024, at 4:00 p.m. (prevailing Central Time) is hereby established as the deadline to file motions (if any) pursuant to Bankruptcy Rule 3018(a).

12.     _____, 2024, at 4:00 p.m. (prevailing Central Time) (the "Voting Deadline") is hereby established as the deadline by which signed ballots must be actually received by CAP's counsel.

13.     _____, 2024, at 12:00 p.m. prevailing Central Time (the "Objection Deadline") is fixed as the deadline for filing objection to confirmation of the Combined Disclosure Statement and Plan or adequacy of the disclosure statement contained within the Combined Disclosure Statement and Plan (including any supporting brief or memorandum) and for serving same, by CM/ECF or, if permitted by the Court's *Administrative Procedures for the Case Management/Electronic Filing System*, in paper form with the Clerk.  In the event an objection to confirmation of the Combined Disclosure Statement and Plan or the adequacy of the disclosure statement contained within the Combined Disclosure Statement and Plan is filed in paper form as provided above, the objecting party must also submit paper copies of its objection, via prepaid U.S. mail, overnight delivery, or hand delivery, to the parties at the following addresses, so as to be actually received by the Objection Deadline: (a) Counsel to CAP, Fox Rothschild LLP, 321 N. Clark Street, Suite 1600, Chicago, Illinois 60654, Attn: Gordon E. Gouveia and Mathew R. Higgins (ggouveia@foxrothschild.com and mhiggins@foxrothschild.com); and (b) the United States Trustee, 219 S. Dearborn St., Room 873, Chicago, IL 60604, Attn: Jeffrey L. Gansberg (Jeffrey.L.Gansberg@usdoj.gove).  Any objection to confirmation of the Combined Disclosure Statement and Plan or approval of the disclosure statement contained within the Combined Disclosure Statement and Plan must be in writing and (y) must state the name and address of the objecting party and the amount and nature of the claim or interest of such party; and (z) must state with particularity the basis and nature of the objection.  Any objection not timely filed and served as set forth herein may be waived and may not be considered by the Court.

14.     Any written response to any objection(s) to confirmation or the adequacy of the disclosure statement contained within the Combined Disclosure Statement and Plan bust be filed on or before _____, 2024 at 4:00 p.m. prevailing Central Time.  This deadline, however, shall be without prejudice to CAP or any other party in interest opposing such objection(s) at the Combined Hearing.

15.     The form and manner of notice approved in this Order is adequate, appropriate, and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Court's Local Rules.

16.     The following procedures for solicitation and tabulation of votes on the Combined Plan and Disclosure Statement (the "Solicitation and Tabulation Procedures") comply with the Bankruptcy Code, the Bankruptcy Rules, and the Court's Local Rules, and are hereby approved:

a.  On or prior to the Mailing Deadline, CAP shall distribute a ballot to Class 5 claimants.

b.  With respect to a transferred claim, the transferee will be entitled to receive a ballot (upon request) and exercise any voting rights that apply to such claim, if, on or before the Voting Record Date: (i) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed; or (ii) the transferee files (A) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (B) a sworn statement of the transferor supporting the validity of the transfer.

c.  To be counted as votes to accept or reject the Combined Disclosure Statement and Plan, all ballots must be executed, completed, and delivered to the CAP's counsel by First-Class Mail, overnight mail, or hand delivery to Fox Rothschild, Attn.: Matthew R. Higgins, 321 N. Clark Street, Suite 1600, Chicago, IL 60654, so that such ballots are actually received by the CAP's counsel on or before the Voting Deadline.  Only signed ballots will be accepted.

d.  Under the Combined Disclosure Statement and Plan, Classes 1–4 are unimpaired.  As a result, Classes 1–4 are deemed to accept the Combined Disclosure Statement and Plan and are not entitled to vote thereon.  In addition, holders of equity interests in Class 6 are deemed to reject the Combined Disclosure Statement and Plan and are not entitled to vote thereon because the because the Combined Disclosure Statement and Plan proposes to extinguish such equity interests.

e.  Under the Combined Disclosure Statement and Plan, Class 5 is impaired.  As a result, holders of Class 5 claims shall be entitled to vote on account of such claims.

f.  Solely for purposes of voting to accept or reject the Plan – and not for the purpose of allowance of, or distribution on account of, a claim and without prejudice to the rights of the Debtor or any other party in interest in any other context – each claim within Class 5 is hereby allowed temporarily in accordance with the following rules (collectively, and together with additional rules specified below, the "Tabulation Rules"):[2]

i.  Unless otherwise provided in the Tabulation Rules, a claim will be allowed for voting purposes in the amount of such claim as set forth in

---

[2] To the extent a proof of claim has been filed on or before the applicable Bar Date but no objection thereto has been filed, the claim shall be allowed for voting purposes in the amount set forth in the proof of claim, except as provided herein.  If no timely proof of claim has been filed, the non-contingent, undisputed, liquidated amount set forth in the Debtor's Schedules shall govern.

the proof of claim timely filed by such creditor, or if no proof of claim has been timely filed, in the non-contingent, undisputed, liquidated amount set forth in the Schedules;

ii. Each claim can only be voted once; if a creditor appears to have filed more than one proof of claim with respect to a single claim against the Debtor, the latest timely-filed proof of claim will be deemed to have superseded all other proofs of claim filed with respect to such claim;

iii. If a claim is deemed allowed pursuant to the terms of the Combined Disclosure Statement and Plan, such claim will be allowed for voting purposes in the deemed allowed amount set forth in the Plan;

iv. If the amount of a claim has been identified as "unknown" in a proof of claim, the claim will be allowed for voting purposes in the amount of $1.00. However, an identified claim amount of "unknown" will not be allowed for voting purposes if such claim was not timely and properly filed on or before the applicable Bar Date;

v. If a claim is scheduled at $0.00, in an unknown amount, or as unliquidated, contingent, or disputed, and a proof of claim was not (i) timely filed by the applicable Bar Date, or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, then such claim is disallowed for voting purposes; *provided, however*, if the applicable Bar Date has not expired prior to the Voting Record Date, a claim listed in the Schedules as contingent, disputed, or unliquidated shall vote at $1.00;

vi. If a claim has been estimated or allowed by the Court, such claim will be allowed for voting purposes in the amount so estimated or allowed by the Court;

vii. If a party in interest seeks to reduce or eliminate the amount of a claim in an objection filed before the Voting Deadline, such claim will be allowed for voting purposes in the amount to which the party in interest seeks to reduce such claim, pending allowance of the claim in a higher amount by the Court;

viii. Any ballot that is (A) properly completed, executed, and timely delivered to CAP's counsel but does not indicate acceptance or rejection of the Combined Disclosure Statement and Plan, or (B) illegible, mutilated or incomplete, will not be counted as acceptance or rejection of the Combined Disclosure Statement and Plan;

ix. If a creditor casts more than on ballot voting the same claim before the Voting Deadline, the latest-dated properly executed ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior ballots;

x. For purposes of the numerosity requirement of § 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated and treated as if such creditor held one claim in such class, and all votes related to such claim will be treated as a single vote to accept or reject the Combined Disclosure Statement and Plan;

xi. Creditors are required to vote all of their claims within a particular class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan and may not split their votes – thus, a ballot that partially rejects and partially accepts the Combined Disclosure Statement and Plan will not be counted; and

xii. Ballots received after the Voting Deadline will not be tabulated for determining whether a class has voted to accept or reject the Combined Disclosure Statement and Plan.

g. Any claim holder who seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules shall be required to file a motion pursuant to Bankruptcy Rule 3018 (a "Rule 2018 Motion") and serve such motion on counsel to CAP, such that it is received on or before _____ ___, 2024 at 4:00 p.m. (prevailing Central Time). Such motion shall, to the extent necessary, be heard at the Combined Hearing. In accordance with Bankruptcy Rule 3018, any ballot submitted by a claim holder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Rules unless and until (i) the underlying claim is allowed temporarily by the Court for voting purposes in a different amount or (ii) CAP, in its sole discretion, agrees to allow the claim for voting purposes in a different amount.

17. Before mailing, CAP may make (a) final, non-substantive edits and (b) any revisions announced on the record at the hearing on _____, 2024, to the Combined Disclosure Statement and Plan and all notices served, with such revisions to be filed with the Court and which shall be deemed approved by this Order without further notice or hearing.

18. CAP is authorized to propose and solicit acceptances the Combined Disclosure Statement and Plan as a single document.

19. The fifteen-page limit pursuant to Local Rule 5005-3(D) is hereby waived with respect to the Motion, such that the Motion is permitted to exceed fifteen pages.

20. This Court shall retain jurisdiction to hear and consider all matters arising from the interpretation or implementation of this Order.

Dated:_____, 2024     _____
                                        UNITED STATES BANKRUPTCY JUDGE

161459680.2

*This Order Prepared By*

Gordon E. Gouveia (#6282986)
Peter C. Buckley (admitted pro hac vice)
Matthew R. Higgins (#6336039)
FOX ROTHSCHILD LLP
321 North Clark Street, Suite 1600
Chicago, IL 60654
Tel: (312) 517-9200
ggouveia@foxrothschild.com
*Counsel for CrossAmerica Partners LP*

161459680.2

## EXHIBIT A

**Combined Hearing Notice**

| | |
|---|---|
| In re: | Chapter 11 |
| IYS Ventures, LLC | Case No. 23-06782 |
| Debtor. | (Jointly Administered) |
| | Honorable David D. Cleary |

**NOTICE OF (A) FILING OF COMBINED DISCLOSURE STATEMENT AND PLAN, (B) OBJECTION DEADLINE, (C) VOTING DEADLINE, AND (D) COMBINED HEARING ON APPROVAL OF THE DISCLOSURE CONTAINED WITHIN THE COMBINED DISCLOSURE STATEMENT AND PLAN AND CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN**

**PLEASE TAKE NOTICE** that on August 13, 2024, CrossAmerica Partners LP and certain of its affiliates[1] (collectively, "CAP") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by CrossAmerica Partners LP Dated August 13, 2024* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Combined Disclosure Statement and Plan") in the above-captioned chapter 11 case (the "Chapter 11 Case").

**PLEASE TAKE FURTHER NOTICE** that a combined hearing to simultaneously consider approval of the disclosure statement contained within the Combined Disclosure Statement and Plan and confirmation of the Combined Disclosure Statement and Plan (the "Combined Hearing") will take place on _____, 2024 at 10:30 a.m. (prevailing Central Time) before the Honorable David D. Cleary, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"),

---

[1] CAP affiliate Lehigh Gas Wholesale LLC is the fuel supplier under the Fuel Supply Agreements with the Debtor. The Debtor leases certain of its locations from the following CAP-affiliated landlord entities: LGP Realty Holdings LP, Erikson Oil Products, Inc., CAP Operations, Inc., Lehigh Gas Wholesale Services, Inc. and Lehigh Gas Wholesale LLC.

either by Zoom or in-person, at the Dirksen Federal Building, 219 South Dearborn Street, Courtroom No. 644, Chicago, Illinois 60604. To appear by Zoom using the Internet, go to this link: https://www.zoomgov.com/, then enter the meeting ID and passcode. To appear by Zoom using a telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666, then enter the meeting ID and passcode. The meeting ID for this hearing is 161 122 6457, and the passcode is Cleary644.

**PLEASE TAKE FURTHER NOTICE** that objections to approval of the disclosure statement contained within the Combined Disclosure Statement and Plan or to confirmation of the Combined Disclosure Statement and Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection, and (d) no later than _____, 2024 at 12:00 p.m. prevailing central Time (the "Objection Deadline"), be either (i) filed electronically via the Bankruptcy Court's CM/ECF System, or (ii) if permitted by the Bankruptcy Court's *Administrative Procedures for the Case Management/Electronic Filing System*, filed in paper form with the Office of the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Room 713, Chicago, IL 60604. In the event an objection to the confirmation of the Combined Disclosure Statement and Plan or approval of the disclosure statement contained therein is filed in paper form as provided above, the objecting party must also submit paper copies of their objection (via prepaid U.S. mail, overnight delivery, or hand delivery) to the following parties, so as to be actually received by each of them by the Objection Deadline: (a) counsel to CAP, Fox Rothschild LLP, 321 N. Clark Street, Suite 1600, Chicago, IL 60654, Attn: Gordon E. Gouveia and Matthew R. Higgins (ggouveia@foxrothschild.com and mhiggins@foxrothschild.com); and (b) the Office of the U.S. Trustee for Region 11, 219 S.

Dearborn St., Room 873, Chicago, IL 60604, Attn: Jeffrey L. Gansberg (Jeffrey.L.Gansberg@usdoj.gov).

**PLEASE TAKE FURTHER NOTICE** that CAP reserves its rights to file written responses to any objections no later than _____, 2024, at 4:00 p.m., prevailing Central Time.

**PLEASE TAKE FURTHER NOTICE** that if you are the holder of a claim against the Debtor as of August 14, 2024 in a class entitled to vote on the Combined Disclosure Statement and Plan, you will have received, along with this notice, a ballot containing voting instructions appropriate for your claim.[2] If you are the holder of a claim against the Debtor and you did not receive a ballot, then your claim is unimpaired, or CAP otherwise believes you are not entitled to vote on the Combined Disclosure Statement and Plan. If you did not receive a ballot and believe you should have, please contact CAP's counsel in writing at the address indicated below.

**PLEASE TAKE FURTHER NOTICE** that the voting rights, if any, to be ascribed to each claim will be calculated in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). If you have questions about the Tabulation Rules or would like to find out the voting rights to be ascribed to your claim, please contact CAP's counsel in writing at the address below.

**PLEASE TAKE FURTHER NOTICE** that for your vote to be counted, you must complete all required information on the ballot, execute the ballet, and return the completed ballot so that it is actually received by CAP's counsel on or before _____, 2024, at 4:00

---

[2] Any allowance of a claim is for voting purposes only and is not intended to be and shall not be binding on the Debtor or other parties in interest for any other purpose, including claim objections, claim estimation, or for the determination of the allowed amount of the claim under the Combined Disclosure Statement and Plan.

p.m. (prevailing Central Time). Ballots must be delivered to the CAP's counsel at the following

address:

Counsel to CrossAmerica Partners LP
Fox Rothschild LLP
Attn.: Matthew R. Higgins
321 N. Clark Street, Suite 1600
Chicago, IL 60654

**PLEASE TAKE FURTHER NOTICE** that copies of the Combined Disclosure Statement

and Plan, as well as the Bankruptcy Court's order specifying certain provisions for solicitation and

tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, are available

by request by contacting CAP's counsel in writing at the address below. Finally, for those parties

represented by counsel in this Chapter 11 Case who have filed appearances in the cases, copies of

the Combined Disclosure Statement and Plan will also be provided free of charge to their counsel

via the Bankruptcy Court's CM/ECF system.

**PLEASE TAKE FURTHER NOTICE** that the Combined Disclosure Statement and Plan

contains release provisions as follows:[3]

**Releases by the Debtor.**

**Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, the Debtor and the Liquidation Trust, on their own behalf and as a representative of the Estate, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or Contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to the Debtor (including the management, ownership, or**

---

[3] Section numbers correspond to the applicable section numbers in the Combined Disclosure Statement and Plan. Capitalized terms used in the following sections have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

12

operation thereof, including as such entities existed prior to or after the Petition Date), the Chapter 11 Case, the negotiation, preparation, dissemination, solicitation, and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Case, the settlement of Claims or renegotiation of Executory Contracts or Leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing, that may be asserted by or on behalf of the Debtor or its Estate, against any of the Released Parties.

Notwithstanding anything contained herein to the contrary, the foregoing release does not release (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under any employment agreement with a current or former employee of the Debtor, (iii) the rights of Holders of Allowed Claims or Interests to receive distributions under the Plan, (v) Retained Causes of Action, (vi) defenses to any Claims filed, scheduled or asserted by any of the Released Parties, whether or not such defenses are to be brought by objections, complaints or other similar types of pleadings.

No Liability Pursuant to Section 1125(e) of the Bankruptcy Code.

Without in any way limiting the releases and exculpation set forth in Sections 8.1 or 8.2 hereof, to the fullest extent permitted by section 1125(e) of the Bankruptcy Code, each of the 1125(e) Parties is hereby entitled to all of the protections and benefits afforded by section 1125(e) in connection with such party's solicitation and participation in relation to the Plan.

## SUMMARY OF COMBINED DISCLOSURE STATEMENT AND PLAN:[4]

| CLASS | TYPE OF CLAIM/INTEREST | TREATMENT | VOTING RIGHTS |
|---|---|---|---|
| N/A | Administrative Claims | *Unimpaired.* Each holder of an Allowed Administrative Claim will be paid in cash in full on the later of: (a) the Effective Date; or (b) allowance thereof by the Bankruptcy Court. | N/A |

---

[4] Capitalized terms used in this summary of the Combined Disclosure Statement and Plan have the meanings ascribed thereto in the Combined Disclosure Statement and Plan.

| CLASS | TYPE OF CLAIM/INTEREST | TREATMENT | VOTING RIGHTS |
|---|---|---|---|
| N/A | Priority Tax Claims | *Unimpaired*. Each holder of an Allowed Priority Tax Claim will be paid in cash in full on the later of: (a) the Effective Date of the Plan; or (b) allowance by the Bankruptcy Court. | N/A |
| Class 1(a) | Itria Ventures, LLC Secured Claims | *Unimpaired*<br><br>On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 1(a) Secured Claim becomes Allowed, each Holder of an Allowed Class 1(a) Secured Claim shall receive: (i) Cash equal to the value of such Holder's Allowed Class 1(a) Claim; or (ii) the return of the Holder's Collateral securing such Claims; or (iii) such other treatment rendering such Holder's allowed Class 1(a) Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | Not entitled to vote. |
| Class 1(b) | Huntington National Bank Claims | *Unimpaired*. On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 1(b) Claim becomes Allowed, each Holder of an Allowed Class 1(b) Claim shall receive: (i) Cash equal to the value of such Holder's Allowed Class 1(b) Claim; or (ii) the return of the Holder's Collateral securing such Claims; or (iii) Cash, from CAP, equal to the value of such Holders Allowed Huntington Class 1(b) Claim in accordance with the terms of the CAP Settlement; or (iv) such other treatment rendering such Holder's allowed Class 1(b) Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | Not entitled to vote. |
| Class 2(a) | Mercedes-Benz Financial Services USA LLC Secured Claims | *Unimpaired*. On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 2(a) Secured Claim becomes Allowed, each Holder of an | Not entitled to vote. |

161459680.2

| CLASS | TYPE OF CLAIM/INTEREST | TREATMENT | VOTING RIGHTS |
|---|---|---|---|
| | | Allowed Class 2(a) Secured Claim shall receive: (i) Cash equal to the value of such Holder's Allowed Class 2(a) Secured Claim; or (ii) the return of the Holder's Collateral securing such Secured Claims; or (iii) such other treatment rendering such Holder's allowed Class 2(a) Secured Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | |
| Class 2(b) | BMW Bank of North America Secured Claims | *Unimpaired*. On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 2(b) Secured Claim becomes Allowed, each Holder of an Allowed Class 2(b) Secured Claim shall receive: (i) Cash equal to the value of such Holder's Allowed Class 2(b) Secured Claim; or (ii) the return of the Holder's Collateral securing such Secured Claims; or (iii) such other treatment rendering such Holder's allowed Class 2(b) Secured Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | Not entitled to vote. |
| Class 2(c) | Ally Bank Secured | *Unimpaired*. On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 2(c) Secured Claim becomes Allowed, each Holder of an Allowed Class 2(c) Secured Claim shall receive: (i) Cash equal to the value of such Holder's Allowed Class 2(c) Secured Claim; or (ii) the return of the Holder's Collateral securing such Secured Claims; or (iii) such other treatment rendering such Holder's allowed Class 2(c) Secured Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | Not entitled to vote. |
| Class 3 | Other Secured Claims | *Unimpaired*. On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 3 Secured Claim becomes Allowed, each Holder of an Allowed Class 3 Secured Claim shall receive: (i) Cash equal to the value of such | Not entitled to vote. |

| CLASS | TYPE OF CLAIM/INTEREST | TREATMENT | VOTING RIGHTS |
|---|---|---|---|
| | | Holder's Allowed Class 3 Secured Claim; or (ii) the return of the Holder's Collateral securing such Claims; or (iii) such other treatment rendering such Holder's allowed Class 3 Secured Claim Unimpaired in accordance with § 1124(1) or (2) of the Bankruptcy Code | |
| Class 4 | Other Priority Claims | *Unimpaired.* On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 4 Claim becomes Allowed, each Holder of an Allowed Class 4 Claim shall receive Cash equal to the value of such Holder's Allowed Class 4 Claim. | Not entitled to vote. |
| Class 5 | General Unsecured Claims | *Impaired.* On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Class 5 Claim becomes Allowed, each Holder of an Allowed Class 5 Claim shall receive Cash in an amount equal to its Pro Rata share among all Holders of General Unsecured Claims of the Distribution Fund, not to exceed the amount of such Allowed General Unsecured Claim | Entitled to vote. |
| Class 6 | Interests in Debtor IYS Ventures, LLC | *Impaired.* On the Effective Date, Interests in Debtor IYS Ventures, LLC shall be canceled, released, and expunged without any Distribution on account of such Interests, and such interests will be of no further force or effect. | Note entitled to vote. Deemed to reject. |

**PLEASE TAKE FURTHER NOTICE** that the Combined Hearing may be adjourned from time to time without any notice other than a request made in open court.

Gordon E. Gouveia (#6282986)
Peter C. Buckley (admitted pro hac vice)
Matthew R. Higgins (#6336039)
FOX ROTHSCHILD LLP
321 North Clark Street, Suite 1600

Chicago, IL 60654
Tel: (312) 517-9200
ggouveia@foxrothschild.com
mhiggins@foxrothschild.com
*Counsel for CrossAmerica Partners LP*

161459680.2

# EXHIBIT B

**Limited Administrative Claim Bar Date Notice**

| | |
|---|---|
| In re: | Chapter 11 |
| IYS Ventures, LLC | Case No. 23-06782<br>(Jointly Administered) |
| Debtor. | Honorable David D. Cleary |

**NOTICE OF DEADLINE FOR FILING OF, AND EXCLUSIVE PROCEDURES
REGARDING, REQUESTS FOR ALLOWANCE AND PAYMENT OF CERTAIN
<u>ADMINISTRATIVE EXPENSES</u>**

PLEASE TAKE NOTICE THAT, on _____, 2024, the United States Bankruptcy Court for the Northern District of Illinois (the "<u>Bankruptcy Court</u>"), having jurisdiction over the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") of IYS Ventures, LLC (the "<u>Debtor</u>"), entered an order (the "<u>Combined Hearing and Limited Administrative Bar Date Order</u>"): (i) setting a hearing on the adequacy of the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by CrossAmerica Partners LP Dated August 13, 2024* [Docket No. _____] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "<u>Combined Disclosure Statement and Plan</u>") and confirmation of the Combined Disclosure Statement and Plan; and (ii) establishing a bar date for requesting allowance of certain administrative expenses requiring, except as described below, all persons, entities, or governmental units (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) holding an Administrative Claim (as defined below) to file a motion in the Chapter 11 Case requesting allowance and payment of such Administrative Claim (an "<u>Administrative Request</u>") **on or before _____, 2024, at 4:00 p.m. (prevailing Central Time)** (the "<u>Limited Administrative Bar Date</u>").

If you have questions relating to this Notice, please contact counsel for CrossAmerica Partners LP listed below.

**ADMINISTRATIVE CLAIM PROCEDURES**

**<u>Definition of Administrative Claim</u>**

For purposes of this Notice, the term "<u>Administrative Claim</u>" shall mean (any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and/or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, that (x) arises under §§ 365(d)(3), 365(d)(5), or 503(b)(1) through (9) of the Bankruptcy Code and (y) first arose or

accrued as to or against the Debtor **on or after May 23, 2023, through and including_____ _____, 2024.**

## Persons or Entities Who MUST File Administrative Claim Requests

Pursuant to the Combined Hearing and Limited Administrative Bar Date Order, any person or governmental unit (as those terms are defined in §§ 101(41) and 101(27) of the Bankruptcy Code, respectively) or other incorporated or unincorporated entity or association asserting and Administrative Claim must file a motion seeking allowance and payment of such Administrative Claim (an "Administrative Request") on or before the Limited Administrative Bar Date of _____ _____, 2024, at 4:00 p.m. (prevailing Central Time).

## Persons or Entities Who Need NOT File Administrative Requests

The following parties (collectively, the "Excluded Administrative Claim Holders") are not subject to the deadline and procedures provided in this Notice:

i. Any party that has already filed a motion with the Bankruptcy Court requesting payment of an Administrative Claim;

ii. Any party whose Administrative Claim has been allowed by prior order of the Court;

iii. Any professional advisor (i.e., attorneys, financial advisors, accountants) retained by the Debtor under §§ 327, 328, 330, 331, 363, or 1103 of the Bankruptcy Code and whose Administrative Claim is for services rendered and/or reimbursement of expenses incurred in the Chapter 11 Case; and

iv. The United States Trustee.

## Procedures for Filing of and Objections to Administrative Requests

Except as to Excluded Administrative Claim Holders, the following procedures shall

govern all Administrative Requests:

i. Administrative Requests will be deemed timely filed only if actually filed or otherwise received by the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, 219 S. Dearborn Street, Room 713, Chicago, Illinois, 60604, on or before the Limited Administrative Bar Date of _____ ___, 2024, at 4:00 p.m. (prevailing Central Time).

ii. Administrative Requests must (a) comply with 11 U.S.C. § 503, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"); (b) include supporting documentation or an explanation as to why documentation

is not available; (c) set for with specificity a description of the legal and factual bases for the Administrative Claim; (d) be in the English language; and (e) be denominated in United States currency.

iii.     The Administrative Request must be filed and noticed for a hearing pursuant to the Local Rules, on a date and time when the Court normally hears chapter 11 motions or when other matters in the Chapter 11 Case are scheduled to be heard by the Bankruptcy Court.

iv.     Any holder of an Administrative Claim, except an Excluded Administrative Claim Holder, who fails to timely file such Administrative Request on or before the Limited Administrative Bar Date, may be forever barred from (a) asserting such Administrative Claim against the Debtor or its estate under any plan of liquidation, and (b) receiving any payment or distribution from the estate or from any post-confirmation trust created under a plan on account of the Administrative Claim.

v.     Excluded Administrative Claim Holders will not be subject to the procedures provided in this Notice, and will not be required to file and Administrative Request by the Limited Administrative Bar Date.

vi.     Rule 3007 of the Federal Rules of Bankruptcy Procedure shall apply to objection to the allowance of Administrative Claims, *provided, however*, that the objecting party may ask the Bankruptcy Court, in an objection, to approve shortened notice of that objection. Service of any such objection need be made *only* upon (a) entities that receive electronic notice via the Bankruptcy Court's CM/ECF system, and (b) the holder of the Administrative Claim that filed the Administrative Request being objected to, at the address for such person or entity contained in the Administrative Request, if such person or entity does not receive notice electronically through the Bankruptcy Court's CM/ECF system.

vii.     Any Administrative Claims that are allowed by the Bankruptcy Court: (a) shall be paid in the sole discretion of the Debtor; or (b) if not so paid then (1) pursuant to an in accordance with the terms of a confirmed plan of liquidation in the Chapter 11 Case or (2) if no such plan is confirmed, then, pursuant to the provisions of the Bankruptcy Code.

## Consequences of Failure to File and Administrative Request

ANY HOLDER OF AN ADMINISTRATIVE CLAIM THAT IS REQUIRED TO FILE, BUT FAILS TO FILE, AN ADMINISTRATIVE REQUEST IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN ON OR BEFORE THE LIMITED ADMINISTRATIVE BAR DATE (A) MAY BE FOREVER BARRED AND ESTOPPED FROM ASSERTING ITS ADMINISTRATIVE CLAIM(S) AGAINST THE DEBTOR AND/OR ITS ESTATE AND (B) MAY NOT BE PERMITTED TO RECEIVE PAYMENT FROM THE DEBTOR'S ESTATE OR PARTICIPATE IN ANY DISTRIBUTION UNDER ANY PLAN OF THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF SUCH ADMINISTRATIVE CLAIM(S).

161459680.2

## Reservation of Rights

All parties in interest reserve the right to object to (i) any claim, whether filed or scheduled, and (ii) any Administrative Claim on any ground, or to dispute, or assert offsets against or defenses to, any claim, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent, and/or unliquidated.

THIS NOTICE IS BEING SET TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTOR BUT MAY NOT HAVE ANY UNPAID ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTOR. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM, OR THE DEBTOR OR THE BANKRUPTCY COURT BELIEVES THAT YOU HAVE A CLAIM.  UNDER THE ADMINISTRATIVE CLAIM PROCEDURES PROVIDED HEREIN, YOU SHOULD <u>NOT</u> FILE AN ADMINISTRATIVE REQUEST IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR THAT <u>AROSE OR ACCRUED ON OR AFTER MAY 23, 2023 THROUGH AND INCLUDING          , 2024</u>. YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE AN ADMINISTRATIVE REQUEST. NEITHER THE ATTORNEYS FOR CROSSAMERICA PARTNERS LP, THE DEBTOR, NOR THE CLERK'S OFFICE IS AUTHORIZED TO PROVIDE YOU WITH ANY LEGAL ADVICE.

Dated: _____, 2024

Gordon E. Gouveia (#6282986)
Peter C. Buckley (admitted pro hac vice)
Matthew R. Higgins (#6336039)
FOX ROTHSCHILD LLP
321 North Clark Street, Suite 1600
Chicago, IL 60654
Tel: (312) 517-9200
ggouveia@foxrothschild.com
mhiggins@foxrothschild.com
*Counsel for CrossAmerica Partners LP*

161459680.2