IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| IYS VENTURES, LLC, | ) | Case No. 23-06782 |
| | ) | |
| Debtor. | ) | Hon. David D. Cleary |
| | ) | U.S. Bankruptcy Judge |

**DEBTOR'S RESPONSE TO CROSSAMERICA PARTNERS, LP'S OBJECTION TO SECOND AMENDED DISCLOSURE STATEMENT**

Now comes IYS VENTURES, LLC by and through its attorney Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Rachel S. Sandler and for its Response to CrossAmerica Partners, LP's Objection to Second Amended Disclosure Statement, states as follows:

**INTRODUCTION**

The Debtor filed its Second Amended Disclosure Statement dated August 12, 2024 (the "**Disclosure Statement**"). CrossAmerica Partners, LP ("**CAP**") filed its Objection to the Second Amended Disclosure Statement to Second Amended Plan of Reorganization Filed by IYS Ventures, LLC (the "**Objection**") complaining that the Disclosure Statement "omits critical information" as is more fully set forth in sections II, III, IV, V and VI on pages 11 through 18 of its Objection, that are summarized as follows:

| | | |
|---|---|---|
| II | | Fails to provide an accurate representation of Debtor's Historical Financial Performance or a basis for the Debtor's cash flow projections |
| III | | Debtor's Liquidation Analysis is incomprehensible |
| IV | | Does not disclose the terms under which administrative claims will be paid |
| V | | Omits information about the Debtor's proposed management and failure to maintain adequate insurance |
| VI | | Does not disclose current status of PMPA adversary, overstates value of CAP Adversary and fails to describe allegations contained in counterclaim |

1

The Debtor contests and disputes CAP's objections to its Disclosure Statement. Notwithstanding the Debtor will file a Second Amended Disclosure Statement dated October 30, 2024, and Second Amended Plan of Reorganization dated October 30, 2024, containing additions that are substantially in the form as set forth herein.

**CAP's Disclosure Statement and Plan of Liquidation**

The Debtor will include a narrative relating to CAP's Disclosure Statement and Plan of Liquidation to be inserted in the Introduction section substantially in the form as follows:

> CrossAmerica Partners, LP ("**CAP**") filed a competing Plan of Liquidation and Disclosure Statement that seeks to achieve what it has otherwise been unable to accomplish in the Debtor's Chapter 11 Case in completing its hostile takeover and recapture of the remaining marketing premises that it leases to the Debtor. The liquidation vehicle CAP has chosen to complete and fulfill its stated corporate objective *vis a vis* the elimination of dealers or multiple service operators such as IYS Ventures, LLC is to close the business operations of the Debtor, liquidate its assets through the Plan of Liquidation, and convert the Debtor's remaining marketing premises to CAP employee operated marketing premises.
>
> Through its Plan of Liquidation CAP seeks to ignore its actions during the pendency of IYS Ventures, LLC's Chapter 11 Case and receive unqualified absolution allowing it to escape responsibility for the damages caused to the assets and business operations of the Debtor and deny any meaningful repayment to unsecured creditor claims totaling in excess of $25,000,000.00, and any payment to administrative, priority and secured creditors while providing CAP with a free "**get out of jail card**" in the form of a release of liability for its actions and the harm and damages caused to the Debtor's Estate during its Chapter 11 Case.
>
> The Debtor believes that CAP's Plan of Liquidation cannot be confirmed and is not in the best interest of creditors for reasons including but not limited to the following: (**i**) the Plan of Liquidation was not proposed in good faith as required by 11 U.S.C. Section 1129(a)(3), (**ii**) the Plan of Liquidation cannot be confirmed pursuant to 11 U.S.C. Section 1129(a) (9), and (12) because it fails to provide for payment on or before the effective date of claims pursuant to 11 U.S.C. Section 507 aggregating in excess of $1,272,151.03 and is not feasible, (**iii**) the Plan of Liquidation incorrectly and improperly classifies claims, (**iv**) the Plan of Liquidation impermissibly seeks to gerrymander voting classes as non-impaired when clearly impaired, (**v**) the Plan of Liquidation contains false and incorrect information and assumptions relating to the Debtor's assets and operations, and (**vi**) the Plan of Liquidation resolves Debtor's claims for refund of security deposits and other damages relating to adversary proceedings filed by the Debtor against CAP seeking damages in excess of one million dollars ($1,000,000.00) through improper and impermissible releases

in favor of CAP as the Plan of Liquidation proponent for no consideration whatsoever.

The Debtor's belief that the CAP Plan of Liquidation is not in the best interest of creditors is clearly evidenced by the disparate treatment of unsecured creditors in the competing plans. Whereas CAP's Plan of Liquidation proposes distributions to unsecured creditors in the total amount of $100,000.00, IYS Ventures, LLC's Second Amended Plan of Reorganization proposes and pledges distributions by the IYS Ventures, LLC Creditors Trust, to be administered by Matthew Brash as Trustee, to unsecured creditors of $1,200,000.00 plus all Net Litigation Proceeds resulting from recovery of Litigation Claims which are reasonably estimated to be in excess of $1,000,000.00, and which CAP proposes to be released for absolutely no consideration whatsoever.

**$100,000.00 proposed by CAP's Plan of Liquidation compared to at least $1,200,000.00 proposed by IYS Ventures, LLC's Second Amended Plan of Reorganization. The choice of which of the competing plans is in the best interest of creditors is not open or subject to reasonable disagreement or dispute. Clearly the Debtor's Second Amended Plan of Reorganization is in the best interests of creditors.**

II    Fails to provide an accurate representation of Debtor's Historical Financial Performance or a basis for the Debtor's cash flow projections

CAP's Objection at pages 11 through 14 are at best argumentative in nature and do not require any changes or modifications to the Historical and Financial Background section contained in the Debtor's Disclosure Statement. The Historical and Financial Background section of the Debtor's Disclosure Statement is sufficiently detailed and provides adequate information regarding the Debtor's pre-petition historical and financial background and information.

CAP's claims regarding false statements on page 13 of Debtor's Disclosure Statement are contested and disputed. The Debtor has operated its business as Debtor in Possession on a positive cash flow basis excluding the excessive, unnecessary and unexpected administrative expenses that it has suffered and incurred due to the actions of CAP and the "false narrative" that it has perpetuated from the inception of the Chapter 11 Case all to the severe detriment of the Debtor and its Estate and which is the direct subject matter of the CAP Adversary. CAP's Plan of Liquidation which was not proposed in good faith and in incapable of being confirmed under 11 U.S.C. Section 1129 is but

the latest and most transparent of CAP's efforts to takeover the Debtor's remaining operating marketing premises no matter what damage and harm it inflicts upon the Debtor's Estate and its creditors. Notwithstanding, the Debtor will strike "The Debtor has been able to generate income from business operations in excess of operating expenses" from its Second Amended Plan of Reorganization dated October 30, 2024, to be filed.

The Financial Information including Debtor's Projected Statement of Cash Flow (Exhibit C), Financial Statements for calendar years 2022 and 2023 and Statement of Revenue and Expenses for current calendar year through June 30, 2024 (Exhibit D), Debtor's summary of post-petition financial history through May 31, 2024 (Exhibit E) are sufficient and no modifications are required. Exhibits D and E were as of June 30, 2024, and May 31, 2024, respectively. They were the subject of conversations with the United States Trustee and were created in conjunction with the Second Amended Plan of Reorganization dated July 17, 2024. The Debtor reserves the right to update Exhibits D and E to reflect a more current date.

III    Debtor's Liquidation Analysis is not incomprehensible

The Debtor's Liquidation Analysis is not incomprehensible and clearly reflects negative net equity of ($193,380.68). In contrast CAP's Liquidation Analysis reflects "Chapter 7 Liquidation Amount" of negative ($93,520.51) as the "Total Available For General Unsecured Claims" an amount which is significantly similar to the amount of negative net equity stated in the Debtor's Liquidation Analysis. The Debtor does not believe that any adjustment or modification of its Liquidation Analysis is necessary[1]. Interestingly, CAP's Liquidation Analysis reflects "Plan of Orderly Liquidation Amount" of $119,041.02 as the "Total Available For General Unsecured

---

[1] Debtor reserves the right to update its Liquidation Analysis which reflects "Value as of June 30, 2024"

4

Claims" yet its Plan of Liquidation proposes distribution of a lesser amount, only $100,000.00.00. CAP's Plan of Liquidation reflects a violation of the best interest test because it fails to provide payment of an amount greater than $119,041.02.

    IV    Does not disclose the terms under which administrative claims will be paid

The terms under which administrative claims will be paid is clearly stated in the Debtor's Disclosure Statement and Second Amended Plan of Reorganization. Moreover, the Disclosure Statement and Second Amended Plan of Reorganization reflect compliance and conformity with the statutory mandates regarding payment of Administrative Claims pursuant to 11 U.S.C. Section 1129(a) (9), and (12) and 11 U.S.C. Section 507.

Administrative Priority Fee Claims of the Debtor's retained professional "shall be paid, in full, in cash, on the later of (1) the Effective Date or as soon as practical thereafter, (2) upon approval by the Bankruptcy Court of such Administrative Claims and Fee Claims, or (3) on such other terms as agreed upon between the Debtor and the party asserting the Administrative Claim." This afore stated terms are clear and unambiguous and require no modification. None of the Debtor's retained professionals have agreed to "such other terms as agreed upon between the Debtor and the party asserting the Administrative Claim."

    V    Omits information about the Debtor's proposed management and failure to maintain adequate insurance

The Disclosure Statement is clear concerning operations of the Reorganized Debtor by Matthew Brash as Trustee of the IYS Ventures, LLC Creditor Trust, a copy of which is an exhibit to the Second Amended Plan of Reorganization. Nothing further is needed and any modifications in these regards are not necessary or required.

The Debtor has always maintained adequate insurance despite any inferences or suggestions

otherwise in CrossAmerica Partners LP' Motion to Compel Debtor to Provide Information or, in the Alternative, for Relief from the Automatic Stay to Allow CrossAmerica Partners LP to Declare a Default [doc 672](the "Motion to Compel"). The Motion to Compel does not appear to contest the Debtor's insurance coverage but rather the insurance coverage relating to the Management Companies. To the best of the Debtor's knowledge and since the inception of its relationship with CAP there has never been a request for proof of insurance or insurance documentation. Notwithstanding, the Fuel Supply Agreement at Article VII and related agreements dictate insurance requirements which the Debtor has always maintained. Moreover, the Debtor during the Chapter 11 Case has always maintained insurance coverage and has provided proof of its insurance coverage to the United States Trustee. The Motion to Compel is just another attempt by CAP to cast unfounded allegations and aspersions to further attack the Debtor in fulfillment of its stated corporate agenda and *vis a vis* the elimination of dealers or multiple service operators such as IYS Ventures, LLC and conversion of their marketing premises to CAP operated marketing premises. Consequently, the Debtor sees no reasonable need to include any discussions regarding its insurance coverage which is only relevant to CAP.

> VI     Does not disclose current status of PMPA adversary, overstates value of CAP Adversary and fails to describe allegations contained in counterclaim

The Second Amended Disclosure Statement dated August 12, 2024, was filed prior to the Court's August 16, 2024, order denying the Debtor's motion to dismiss CAP's counterclaim in the CAP Adversary, and September 26, 2024, order granting CAP's motion to dismiss with leave to amend. The Debtor will include language in its Second Amended Disclosure Statement dated October 30, 2024, referencing the entry of the August 16, 2024, and September 26, 2024 orders.

Although the Debtor is not aware of or planning any other modifications or revisions to

be included in its Second Amended Disclosure Statement dated October 17, 2024, the Debtor reserves the right to make such other additions and modifications to its Second Amended Disclosure Statement dated October 17, 2024, as it deems appropriate or necessary.

Other Replacement Provisions

The Debtor will add CAP's replacement provisions, or variation thereof, including but not limited to the Proposed Replacement Provision reflected in CAP's Omnibus Reply paragraph 8 on page 5 thereof.

By: /s/ Gregory K. Stern
Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty ID #02267012
Rachel S. Sandler (Atty ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558