# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IYS Ventures, LLC, | ) | Case No. 23-06782 |
| | ) | |
| Debtor. | ) | Hon. David D. Cleary |

**ORDER AND NOTICE (I) APPROVING (A) DISCLOSURE STATEMENT TO CREDITOR CROSSAMERICA PARTNERS LP'S AMENDED CHAPTER 11 PLAN OF LIQUIDATION, (B) SECOND AMENDED DISCLOSURE STATEMENT TO DEBTOR IYS VENTURES, LLC'S SECOND AMENDED PLAN OF REORGANIZATION, AND (C) JOINT SOLICITATION MATERIALS FOR COMPETING PLANS, AND (II) FIXING DEADLINES FOR FILING ACCEPTANCES OR REJECTIONS OF COMPETING PLANS**

This case having come before the Court for hearing on the adequacy of (i) the Second Amended Disclosure Statement to Debtor IYS Ventures, LLC's Second Amended Chapter 11 Plan of Reorganization dated November 14, 2024 [Docket No.752] ("Debtor's Second Amended Disclosure Statement") and (ii) the Disclosure Statement to Creditor CrossAmerica Partners, LP's Amended Chapter 11 Plan of Liquidation dated November 14, 2024 [Docket No. 750] ("CAP's Disclosure Statement" and together with the Debtor's Second Amended Disclosure Statement, the "Disclosure Statements"), the Court having reviewed the Disclosure Statements and having held hearings on the adequacy of the Disclosure Statements (collectively, the "Disclosure Statement Hearings"), and having considered the objections to the Disclosure Statements, due and proper notice of the hearing on the adequacy of the Disclosure Statements having been provided to all creditors and interested parties; the Court finding that the Disclosure Statements contain adequate information within the meaning of 11 U.S.C. § 1125, any remaining objections to the Disclosure Statements having been withdrawn or overruled; and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT**:

1. The Second Amended Disclosure Statement to Debtor IYS Ventures, LLC's Second Amended Chapter 11 Plan of Reorganization dated November 14, 2024 [Docket No. 752] is hereby approved.

2. The Disclosure Statement to Creditor CrossAmerica Partners, LP's Amended Chapter 11 Plan of Liquidation dated November 14, 2024 [Docket No. 750] is hereby approved.

3. On or before November 22, 2024, the Debtor and CAP shall coordinate and mail the following solicitation materials upon all creditors, equity security holders and parties in interest as required by Bankruptcy Rule 2002: (i) the form of cover letter approved by the Court; (ii) this Order and Notice; (iii) the Disclosure Statements and related exhibits, including Debtor's Second Amended Chapter 11 Plan of Reorganization [Docket No. 751] ("Debtor's Plan of Reorganization") and CrossAmerica Partners LP's Amended Chapter 11 Plan of Liquidation [Docket No.749] ("CAP's Plan of Liquidation"); and (iv) two separate ballots: one for Debtor's Plan of Reorganization and one for CAP's Plan of Liquidation ("Ballots").

4. Ballots must be completed and filed with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, Seventh Floor or, for authorized ECF filers, electronically at the Court's website, www.ilnb.uscourts.gov, **so as to be received on or before December 27, 2024,** with a copy served upon counsel for both Debtor: Gregory K. Stern, P.C., 53 West Jackson Boulevard, Suite 1442, Chicago, Illinois 60604, greg@gregstern.com and counsel for CAP: Gordon E. Gouveia, Fox Rothschild LLP, 321 N. Clark St., Suite 1600, Chicago, IL 60654, ggouveia@foxrothschild.com.

5. On or before January 9, 2025 the Debtor and CAP shall each file ballot reports regarding their respective Plans as required by Local Rule 3018-1.

6. The Court shall hold a status hearing on confirmation of the Plans (the "Confirmation Hearing") in Courtroom 644, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 on January 15, 2025, at 11:00 a.m. The Confirmation Hearing may be continued from time to time as stated in open court without further written notice. All parties in interest may appear at the status hearing either in person or electronically using Zoom for Government.

> To appear by video, use this link: http://www.zoomgov.com/. Then enter the meeting ID. To appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the Meeting ID and Password. The Meeting ID for this hearing is 161 122 6457. The Password is Cleary644. The Meeting ID and password can also be found on Judge Cleary's web page on the court's website.

7. **Pursuant to Federal Rule of Bankruptcy Procedure 2002(c)(3), you are hereby notified that Sections 5.1, 5.2, and 5.3 of CAP's Plan contain certain release and exculpation provisions. Specifically:**

   a. **Section 5.1 of CAP's Plan provides: "Except as otherwise provided in the Plan, or any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date and required to be satisfied pursuant to the Plan, except for Other Secured Claims that the Debtor elects to reinstate in accordance with Article III hereof, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estate shall be fully released, settled, compromised, and satisfied, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert automatically to the Debtor and its successors and assigns. Any Holder of such Secured Claim (and the applicable agents for such Holder) shall be authorized and directed to release any collateral or other property of the Debtor (including any cash collateral and possessory collateral) held by such Holder (and the applicable agents for such Holder), and to take such actions as may be reasonably requested by the Liquidation Trustee to evidence the release of such Lien, including the execution, delivery, and filing or recording of such releases. The presentation or filing of the Confirmation Order to or with any federal, state, provincial, or local**

        **agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens."**

    b. **Section 5.2 of CAP's Plan provides: "Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, the Debtor and the Liquidation Trust, on their own behalf and as a representative of the Estate, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Released Claims.**

        **Notwithstanding anything contained herein to the contrary, the foregoing release does not release (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under any employment agreement with a current or former employee of the Debtor, (iii) the rights of Holders of Allowed Claims or Interests to receive distributions under the Plan, (v) Retained Causes of Action, (vi) defenses to any Claims filed, scheduled or asserted by any of the Released Parties, whether or not such defenses are to be brought by objections, complaints or other similar types of pleadings."**

    c. **Section 5.3 of CAP's Plan provides: "Without in any way limiting the releases and exculpation set forth in Sections 5.1 and 5.2 hereof, to the fullest extent permitted by section 1125(e) of the Bankruptcy Code, each of the 1125(e) Parties is hereby entitled to all of the protections and benefits afforded by section 1125(e) in connection with such party's solicitation and participation in relation to the Plan."**

8.     **Pursuant to Federal Rule of Bankruptcy Procedure 2002(c)(3), you are hereby notified that Sections 10.4 and 10.5 of Debtor's Plan contains certain injunction and discharge provisions. Specifically:**

    a. **Section 10.4 of Debtor's Plan provides: "The Plan and the Confirmation Order shall include, among other things, for a Plan Injunction that provides that from and after the Confirmation Date all entities and persons who have held, hold or may hold Claims against or Interests in the Debtor who had or were sent notice of these confirmation proceedings, their respective successors or assigns thereto, or anyone claiming under or through such holders are (i) permanently enjoined from taking any of the following actions against the estate, property of the estate or the Debtor on**

account of any such claims or interests and (ii) preliminarily enjoined from taking any of the following actions against the estate, property of the estate or the Debtor on account of such claims or interests: (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; (E) filing, serving or asserting any notice of termination, nonrenewal or other cessation of any contract, lease, franchise or other agreement based on any act, occurrence, event or combination thereof occurring in whole or part prior to the Effective Date; and (F) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained herein shall preclude such entities and persons from exercising their rights pursuant to and consistent with the terms of the Plan. The Plan Injunction in this paragraph is a §1141 discharge. The Court shall have jurisdiction to determine and award damages to the Reorganized Debtor for any violation of such injunction including compensatory damages, professional fees and expenses and exemplary damages for any willful violation of said injunction, provided a copy of this injunction has been served on any party sought to be held in contempt of it."

b. Section 10.5 of Debtor's Plan provides: "Except as otherwise provided in the Plan or in the Confirmation Order, the Confirmation Order acts as a discharge, effective as of the Confirmation Date, of any and all claims, obligations and debts of the Debtor which arose prior to the Confirmation Date, pursuant to 11 U.S.C. §1141(d)(1). The Debtor's discharge shall be given full force and effect pursuant to 11 U.S.C. §524. Any judgment heretofore or hereafter obtained in any court other than the United States Bankruptcy Court, for the Northern District of Illinois, Eastern Division, is null and void as a determination of the personal liability of the Debtor with respect to the following: (a) debts dischargeable under 11 U.S.C. §523; (b) unless heretofore or hereafter determined by order of this Court to be non-dischargeable, debts alleged to excepted from discharge under subsections (2), (4) and (6) of 11 U.S.C. §523(a); and, (c) debts determined by the Court to be discharged."

Enter: *[signature]*
Honorable David D. Cleary
United States Bankruptcy Judge

Dated: November 15, 2024

5