**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IYS Ventures, LLC, | ) | Case No. 23-06782 |
| | ) | |
| Debtor. | ) | Hon. David D. Cleary |
| | ) | |

<u>**NOTICE OF MOTION**</u>

 PLEASE TAKE NOTICE THAT on **Wednesday, December 18, 2024**, at **10:00 a.m.**, I shall appear before the Honorable Judge David D. Cleary, or any other judge sitting in his stead, either in Courtroom 644, 219 South Dearborn Street, Chicago, Illinois, or electronically as described below and request a hearing on **Eby-Brown Company, LLC's Emergency Motion for Entry of an Order Temporarily Allowing Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018(a)**, a copy of which is attached hereto and thereby served upon you.

**Important: Only parties and their counsel may appear for presentation of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: http://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is Meeting ID: 161 122 6457 and the password is Cleary644. The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than **December 17, 2024, at 12:00 p.m.** If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motion in advance without a hearing.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby certify that I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served by filing it with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

_/s/ William K. Kane_
William K. Kane

William K. Kane
Matthew T. Benz
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Tel: (312) 499-6300
wkane@sheppardmullin.com
mbenz@sheppardmullin.com

*Counsel to Eby-Brown Company, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IYS Ventures, LLC, | ) | Case No. 23-06782 |
| | ) | |
| Debtor | ) | Hon. David D. Cleary |
| | ) | |
| | ) | <u>Hearing Date and Time</u>: |
| _____ | ) | **December 18, 2024, at 10:00 a.m.** |

### EBY-BROWN COMPANY, LLC'S EMERGENCY MOTION
### FOR ENTRY OF AN ORDER TEMPORARILY ALLOWING CLAIM
### <u>FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018(a)</u>

Eby-Brown Company, LLC ("<u>Eby-Brown</u>"), by and through its undersigned counsel, hereby submits this motion (the "<u>Motion</u>"), pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for the entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), temporarily allowing the Eby-Brown Proof of Claim (as defined herein) in its liquidated amount solely for purposes of voting on the chapter 11 plans (the "<u>Plans</u>") proposed by IYS Ventures, LLC (the "<u>Debtor</u>") and CrossAmerica Partners LP ("<u>CAP</u>"). In support of this Motion, Eby-Brown respectfully represents as follows:

### <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief requested herein is Bankruptcy Rule 3018(a).

### <u>BACKGROUND</u>

3.      On May 23, 2023 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

4.     On November 15, 2024, the Court entered the *Order and Notice (I) Approving (A)* *Disclosure Statement to Creditor CrossAmerica Partners LP's Amended Chapter 11 Plan of* *Liquidation, (B) Second Amended Disclosure Statement to Debtor IYS Ventures, LLC's Second* *Amended Plan of Reorganization, and (C) Joint Solicitation Materials for Competing Plans, and* *(II) Fixing Deadlines for Filing Acceptances and Rejections of Competing Plans* [Docket No. 754] (the "Disclosure Statement Order"). The Disclosure Statement Order established, among other things, December 27, 2024 as the deadline for voting creditors to submit ballots on the Plans (the "Voting Deadline").

### THE EBY-BROWN PROOF OF CLAIM

5.     Eby-Brown is a former vendor of the Debtor, who is managed by Muwafek Rizek ("Rizek") and Isam Samara ("Samara"). On August 3, 2020, Eby-Brown and the Debtor entered into a Credit and Security Agreement (the "Security Agreement") pursuant to which Eby-Brown was granted a security interest in the Debtor's property, including the Debtor's inventory and the proceeds thereof. In September 2021, Defendants began to slow pay Eby-Brown while at the same time continued to place significant orders for goods. The outstanding amounts due to Eby-Brown began to increase to several millions of dollars.

6.     On March 4, 2022, Eby-Brown filed a lawsuit against the Debtor, Samara, Rizek, and IMART Stores, LLC (collectively, the "Defendants") in Illinois State Court alleging claims for breach of contract and personal guaranties, an account stated, unjust enrichment, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Eby-Brown further sought the appointment of a receiver over the Defendants' businesses in order to preserve assets for its anticipated recovery. As part of the subsequent litigation, on July 26, 2022, the Illinois state court entered an order (the "Asset Freeze Order") pursuant to which the Defendants,

including the Debtor, were enjoined from directly or indirectly transferring and/or disposing of any assets until further order of court. The Debtor and the other Defendants violated the Asset Freeze Order. The state court subsequently entered an order (the "Default Order") finding that the Defendants had violated "numerous court orders" and accordingly granting Eby-Brown's motion for default. On May 24, 2023, the state court entered a judgment in the amount of $7,945,539.20 (the "Default Judgment"), which was comprised of: (a) the principal amount of the debt the Defendants owed to Eby-Brown in the amount of $6,117,178.00; (b) interest accrued through May 15, 2023 in the amount of $984,360.49; (c) attorneys' fees in the amount of $344,000.00; (d) costs in the amount of $8,709.04; and (e) punitive damages in the amount of $500,000.00. Though the liability was shared across all Defendants, the Default Judgment was only entered against IMart Stores, LLC and Samara because the Debtor and Rizek had filed for bankruptcy the day before the Default Judgment was entered.

7. On August 17, 2023, Eby-Brown timely filed a proof of claim [Claim No. 21] (the "Eby-Brown Proof of Claim").[1] As detailed therein, Eby-Brown asserted a secured claim in the amount of $7,117,731.00, comprised of the liquidated amounts established by the Default Judgment for the principal amount of the debt the Defendants owed to Eby-Brown and interest accrued through May 22, 2023, the day before the Petition Date.[2] While this Court subsequently adjudicated Eby-Brown's claim as unsecured, neither the Debtor's underlying liability nor the amounts set forth in the Eby-Brown Proof of Claim were challenged in the corresponding adversary proceeding.

---

[1]  A copy of the Eby-Brown Proof of Claim is attached hereto as **Exhibit B**.

[2]  The interest component of the Eby-Brown Proof of Claim, $1,000,553.35, was marginally higher than the interest component liquidated in the Default Judgment, $984,360.49, due to the fact that the interest component of the Default Judgment was calculated as of May 15, 2023.

8.     On April 10, 2024, the Debtor filed an amended Schedule E/F [Docket No. 566], which listed a contingent, unliquidated, and disputed unsecured claim for Eby-Brown in the amount of $6,935,588.31.  On December 4, 2024, the Debtor filed its *Objection to Eby-Brown Company, LLC's Claim No. 21* [Docket No. 768] (the "Claim Objection"), objecting to the Eby-Brown Proof of Claim.  The Debtor noticed the hearing on the Claim Objection for January 8, 2025—which is twelve (12) days *after* the Voting Deadline.

## BASIS FOR RELIEF

9.     Under Bankruptcy Code section 1126(a), only holders of claims or interests allowed under section 502 are permitted to vote to accept or reject a chapter 11 plan.  11 U.S.C. § 1126(a).  A claim represented by a timely and properly filed proof of claim "is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Thus, once a party in interest objects to a filed claim, the holder of that claim is not entitled to vote on a chapter 11 plan while the objection is pending.  *See* 11 U.S.C. § 1126.  Where a claim has is not yet allowed due to a pending objection, a court "may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Bankruptcy Rule 3018(a).

10.    The purpose of Bankruptcy Rule 3018(a) is to prevent precisely the type of purposeful disenfranchisement the Debtor has attempted here.  The policy behind Bankruptcy Rule 3018(a) is "to prevent possible abuse by plan proponents" who attempt to ensure acceptance of a plan by strategically objecting to the claims of dissenting creditors.  *In re Armstrong*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003); *see also In re Pacific Sunwear of California, Inc.*, 2016 WL 3564484 at *9 (Bankr. D. Del. June 22, 2016) (stating that Bankruptcy Rule 3018(a) is intended to "prevent possible abuse by plan proponents who might ensure

acceptance of a plan by filing last minute objections to the claims of dissenting creditors"). Bankruptcy Rule 3018(a) "was designed to give all creditors, even those holding disputed claims, the opportunity to vote." *In re Century Glove, Inc.*, 88 B.R. 45, 46 (Bankr. D. Del. 1988).

11.    The court's discretion to allow a claim temporarily for voting purposes is flexible. *See In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996). Bankruptcy courts also have flexibility to "employ whatever method is best suited to the circumstances of the case" when determining whether and in what amount to allow a claim for voting purposes. *Id.* at 775.

12.    Although the Bankruptcy Code and the Bankruptcy Rules provide no guidance as to how a court should calculate a claim for voting purposes, courts have held that the calculation "should ensure that the voting power is commensurate with the creditor's economic interests in the case." *In re Quigley Co.*, 346 B.R. 647, 654 (Bankr. S.D.N.Y. 2006).  When determining whether to temporarily allow a claim, courts may look to (1) the debtor's scheduling of the claim, (2) the proof of claim filed, and (3) the debtor's objection to determine parties' expectations regarding the amount and nature of the claim to be voted.  *In re Stone Hedge Props.*, 191 B.R. 59, 65 (Bankr. M.D. Pa. 1995); *see also Armstrong*, 294 B.R. 344 at 354 (explaining courts have permitted temporary allowance of a claim when the objection is "frivolous or of questionable merit").

13.    The Eby-Brown Proof of Claim constitutes *prima facie* evidence of the validity of its claim.  The Claim Objection contains only vague statements disputing the "amounts of the components" of the Eby-Brown Proof of Claim, but the Debtor fails to present any evidence whatsoever that would rebut the presumption in favor of allowing the Eby-Brown Proof of Claim

for voting purposes in the amount listed on the Eby-Brown Proof of Claim—$7,117,731.00. Absent the relief requested by this Motion, Eby-Brown, one of the Debtor's largest unsecured creditors, will be unfairly disenfranchised and have no opportunity to vote on the Plans.

14.    Under the circumstances present here, the Court should exercise its discretion to temporarily allow the Eby-Brown Proof of Claim solely for the purpose of voting on the Plans. Temporarily allowing the Eby-Brown Proof of Claim for voting purposes comports with the spirit of the Bankruptcy Code, which encourages creditor voting and participation in the reorganization process. *In re Amarex Inc.*, 61 B.R. 301, 303 (Bankr. W.D. Okla. 1985) ("[T]o allow [the disputed claims] to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of Chapter 11 which encourages creditor vote and participation in the reorganization process."). The Eby-Brown Proof of Claim should be allowed for voting as a Class 5 Claim to avoid the irreparable harm that would result if the Debtor is successful in its attempt to disenfranchise Eby-Brown.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Eby-Brown respectfully requests that the Court enter the Proposed Order and grant such other relief as may be appropriate.

Dated:  December 12, 2024                    Respectfully submitted,

                                             /s/ William K. Kane
                                             William K. Kane (ARDC 6194466)
                                             Matthew T. Benz (ARDC 6343276)
                                             SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                                             321 North Clark Street, 32nd Floor
                                             Chicago, Illinois 60654
                                             Tel: (312) 499-6300
                                             wkane@sheppardmullin.com
                                             mbenz@sheppardmullin.com

                                             *Counsel to Eby-Brown Company, LLC*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IYS Ventures, LLC, | ) | Case No. 23-06782 |
| | ) | |
| Debtor | ) | Hon. David D. Cleary |
| | ) | |

**ORDER GRANTING
EBY-BROWN COMPANY, LLC'S EMERGENCY MOTION
FOR ENTRY OF AN ORDER TEMPORARILY ALLOWING CLAIM
FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018(a)**

THIS MATTER came before the Court for hearing on December 18, 2024 at 10:00 a.m. (the "Hearing") upon *Eby-Brown Company, LLC's Emergency Motion for Entry of an Order Temporarily Allowing Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018(a)* [Docket No. [●]] (the "Motion").[3] Upon consideration of the Motion and all pleadings related thereto, and the representations of counsel at the Hearing,

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. The Eby-Brown Proof of Claim is temporarily allowed as an unsecured Class 5 Claim in the amount of $7,117,731.00 for purposes of voting on the Plans pursuant to Bankruptcy Rule 3018(a).

3. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

---

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

**<u>Exhibit B</u>**

**Eby-Brown Proof of Claim**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | IYS Ventures, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of Illinois |
| Case number | 23-06782 |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. Who is the current creditor? | Eby-Brown Company, LLC | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor _____ | |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ | |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Automne Heather<br>Name<br>1415 W. Diehl Rd, 300N<br>Number        Street<br>Naperville          IL          60503<br>City                State          ZIP Code<br><br>Contact phone 630-536-3756<br><br>Contact email automne.heather@pfgc.com | **Where should payments to the creditor be sent?** (if different)<br><br>Name<br><br>Number        Street<br><br>City                State          ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____<br>MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ | |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|--------------------------------------------------------------------|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 7,117,731.00  **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Goods sold

**9. Is all or part of the claim secured?**

☐ No
☑ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:**  Credit and Security Agreement

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $ 6,117,178.00
**Amount of the claim that is secured:**  $ 7,117,731.00

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed) 12.00 %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   8/17/2023
              MM / DD / YYYY

DocuSigned by:

*Automne Heather*

0AAFDB44400D4BD...

Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Automne Heather | | |
| | First name | Middle name | Last name |
| Title | Director of Credit and Earned Income | | |
| Company | Eby-Brown Company, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1415 W. Diehl Rd, 300N | | |
| | Number      Street | | |
| | Naperville | IL | 60563 |
| | City | State | ZIP Code |
| Contact phone | 630-536-3756 | Email | automne.heather@pfgc.com |

# Eby-Brown

## CREDIT APPLICATION AND CREDIT & SECURITY AGREEMENT
### CUSTOMER INFORMATION

Legal Business Name: IYS Ventures
D/B/A Name: 1 Mart Stores
Store Address: 3321 W. Algonquin Rd    City: Rolling Meadows
State: IL    Zip: 60008    County: Cook    Business Phone: 716-417-1144
Fax #: 708-286-5240    Email: moerizek@gmail.com
A/P Contact Name: Heather Barclay    A/P Contact Phone #: 708-966-0545
Corporation ID #: 83-2162420    State of Incorporation: IL    Sales Tax #: 4363-6179
Years in business: _____ (this location)    Business Structure: ☐ Proprietor    ☐ Partnership    ☒ Corporation
Hours of Operation: AM 6    PM Midnight (24HR)    Store Time Zone: EST: ☐    CST: ☒    OTHER: ☐
Building: Owned ☐ or Rented ☒    Name of Landlord: Cross America Partners
Contact Name: Yaro Fedotov    Contact Phone #: 440-739-0602

## PLEASE LIST ALL OWNERS AND PARTNERS BELOW

### (If additional room is needed for additional partners, please list on the back of this page)

Name: Muwafak Rizek    Nickname: Moe Rizek
Address: 7924 Keystone Rd    City: Orland Park
State: IL    Zip: 60462    Email: moerizek@gmail.com
Home Phone: n/a    Cell Phone: 716-417-1144
Social Security #: ███████    Driver's License #: _____    State: IL
Position / Title: CEO    Percentage of Business owned: 100%

Name: _____    Nickname: _____
Address: _____    City: _____
State: _____    Zip: _____    Email: _____
Home Phone: _____    Cell Phone: _____
Social Security #: _____    Driver's License #: _____    State: _____
Position / Title: _____    Percentage of Business owned: _____

Name: _____    Nickname: _____
Address: _____    City: _____
State: _____    Zip: _____    Email: _____
Home Phone: _____    Cell Phone: _____
Social Security #: _____    Driver's License #: _____    State: _____
Position / Title: _____    Percentage of Business owned: _____

## CREDIT AND SECURITY AGREEMENT

### TERMS AND CONDITIONS

This Credit and Security Agreement (this "Agreement") is being entered into by and among the undersigned (collectively with its owners, "Customer") and Eby-Brown Company, LLC, a Delaware limited liability company ("Eby-Brown"). In consideration of Customer being advanced Inventory (as defined below), Customer and Eby-Brown agree as follows:

1. **Payment.** Customer agrees to pay Eby-Brown according to the credit terms extended by Eby-Brown to Customer. Unless otherwise agreed to, in writing by Customer and Eby-Brown, all Inventory delivered to Customer by, through or on behalf of Eby-Brown will be paid for by Customer in full according to such credit terms. If Customer fails to pay Eby-Brown in accordance with the credit terms, Eby-Brown in its sole discretion may require that subsequent orders by Customer be sent collect on delivery. "Inventory" means all goods, merchandise, raw materials, goods in process, finished goods, and other tangible personal property, now owned or hereafter acquired from Eby-Brown and held for sale or used or consumed in Customer's business, whether located at the address listed for Customer above or at any other premises where Customer may have transferred such Inventory (including without limitation cigarettes, tobacco products, confectionery products, food products, and sundries).

2. **Interest on Unpaid Balances.** Any unpaid balances will accrue interest at the rate of 12% per year, compounded monthly. Interest will begin to accrue on the date on which Customer's account falls past due in accordance with the credit terms extended by Eby-Brown to Customer.

3. **Setoff.** Customer agrees that any credit balance or other sums credited by or payable and due from Eby-Brown to Customer, or any monies, cash, cash equivalents, securities, goods, instruments, or other assets of Customer in the possession and control of Eby-Brown or its bailey for any purpose, may be reduced to cash and applied by Eby-Brown against any and all of Customer's liabilities, including liabilities of any other customer of Eby-Brown in which Customer, or any owner of Customer, owns an interest. If Customer is a partnership, Customer agrees that Eby-Brown may set off credits owed to Customer against debts or obligations of any entity owned, in whole or in part, by any partner of Customer.

4. **Returned Payment Charges.** Eby-Brown reserves the right to charge and collect a service charge as allowed by applicable law for any check or ACH payment returned by Customer's bank.

5. **Grant of Security Interest.** Customer hereby pledges and grants to Eby-Brown, and hereby creates a continuing first priority lien and security interest in favor of Eby-Brown in and to all of its right, title and interest in and to the following, wherever located, whether now existing or hereafter from time to time arising or acquired (collectively, the "Collateral"): (a) all Inventory, fixtures and personal property of every kind and nature including all accounts, goods (including inventory and equipment), documents, instruments, promissory notes, chattel paper, letters of credit and letter-of-credit rights, securities and all other investment property, general intangibles (including all payment intangibles), money, deposit accounts, and any other contract rights or rights to the payment of money; and (b) all Proceeds (as defined in the Uniform Commercial Code) and products of each of the foregoing (including insurance Proceeds). This grant of security interest is to secure payment and performance by Customer of its obligations under this Agreement.

6. **Perfection of Security Interest and Further Assurances.** Customer irrevocably authorizes Eby-Brown at any time to file any financing statements and amendments thereto related to the Collateral, including any financing or continuation statements or other documents for the purpose of perfecting, confirming, continuing, enforcing or protecting the security interest granted by Customer under this Agreement. Without the prior written consent of Eby-Brown, Customer will not allow any adverse financing statement covering any Collateral to be on file in any public office. Customer appoints Eby-Brown as its agent and attorney-in-fact for the purpose of executing, signing, filing and recording any and all financing statements or other instruments necessary or desirable by Eby-Brown to accomplish the purposes of this Agreement. Customer agrees to provide all information required by Eby-Brown promptly to Eby-Brown upon request. Customer will take all actions as may be requested by Eby-Brown to perfect and protect the security interest of Eby-Brown in the Collateral or to enable Eby-Brown to exercise and enforce its rights and remedies under this Agreement.

7. **Representations.** Customer represents and warrants that the statements and representations made by Customer in this Agreement (including in the "Credit Application" and the "Customer Verification and Authorization Form") are true, correct and complete. Customer has full power, authority and legal right to enter into this Agreement and to pledge the Collateral pursuant to this Agreement. This Agreement has been duly authorized, executed and delivered by Customer and constitutes a legal, valid and binding obligation of Customer enforceable in accordance with its terms, subject to applicable bankruptcy or other similar laws affecting creditors' rights generally and to equitable principles.

8. **Covenants.**

   a. Customer will not, without providing at least thirty (30) days' prior written notice to Eby-Brown, discontinue its business or change its legal name, identity, type of organization, jurisdiction of organization, or location of its chief executive office or its principal place of business.

   b. Except for Inventory sold by Customer in the ordinary course of business, Customer will keep the Collateral at the premises identified by Customer in this Agreement or at such place(s) identified by Customer to Eby-Brown in writing.

   c. Customer will, at its own cost and expense, defend title to the Collateral and the first priority lien and security interest of Eby-Brown therein against the claim of any person claiming against or through Customer and will maintain and preserve such perfected first priority security interest for so long as this Agreement remains in effect.

   d. Except for the sale by Customer of the Inventory in the ordinary course of business, Customer will not sell, offer to sell, dispose of, convey, assign or otherwise transfer, grant any option with respect to, restrict, or grant, create, permit or suffer to exist any mortgage, pledge, lien, security interest, option, right of first offer, encumbrance or other restriction of any nature whatsoever on any of the Collateral.

   e. Customer will keep the Collateral in good order and condition. Customer will permit Eby-Brown to inspect the Collateral at any reasonable time, wherever located.

f. Customer will comply with all applicable laws, regulations and ordinances. Customer will maintain in effect all licenses, authorizations, consents and permits that it needs to carry out its obligations under this Agreement.

g. Customer will pay promptly when due all taxes, assessments, governmental charges, and levies upon the Collateral or incurred in connection with this Agreement or the use of the Collateral.

9. **Events of Default.** The occurrence of any of the following will constitute an event of default under this Agreement:

a. Customer fails to pay any amount owed to Eby-Brown under this Agreement and such failure continues for fourteen (14) days after the applicable due date.

b. Any representation or warranty made by Customer to Eby-Brown herein is incorrect in any material respect on the date as of which such representation or warranty was made.

c. Customer fails to observe or perform any covenant, obligation or agreement contained in this Agreement and such failure continues for fourteen (14) days after written notice by Eby-Brown to Customer.

d. Customer (i) becomes insolvent or admits its inability to pay its debts generally as they become due; (ii) becomes subject, voluntarily or involuntarily, to any proceeding under any domestic or foreign bankruptcy or insolvency law, which is not fully stayed within seven (7) business days or is not dismissed or vacated within sixty (60) days after filing; (iii) makes a general assignment for the benefit of creditors; or (iv) has a receiver, trustee, custodian or similar agent appointed by order of any court of competent jurisdiction to take charge of or sell any material portion of its property or business.

10. **Rights and Remedies.** Upon the occurrence of an event of default and at any time thereafter during the continuance of such event of default:

a. Eby-Brown will have the rights and remedies of a secured party under the Uniform Commercial Code in addition to the rights and remedies provided herein or in any other instrument or paper executed by Customer in favor of Eby-Brown.

b. Eby-Brown may require Customer to assemble the Collateral and make it available to Eby-Brown at the place or places designated by Eby-Brown that is or are reasonably convenient to Customer and Eby-Brown.

c. Eby-Brown may without any notice, demand, or legal process of any kind, take immediate possession of any or all of the Collateral (in addition to Collateral of which it already has possession), wherever it may be found, and for that purpose, may pursue the same wherever it may be found, and may enter into any of Customer's premises where any of the Collateral may be, and search for, take possession of, remove, keep and store any of the Collateral until same are sold or otherwise disposed of, and Eby-Brown will have the right to store the same in any of Customer's premises without cost to Eby-Brown.

d. All rights and remedies provided herein are cumulative and are not exclusive of any rights or remedies provided by law.

11. **Miscellaneous.**

a. **Amendment.** This Agreement may only be amended or modified in a writing signed by an authorized representative of each party.

b. **Waiver.** No waiver by Eby-Brown of any provision of this Agreement is effective unless explicitly set forth in writing and signed by Eby-Brown. No failure to exercise, or delay in exercising, any right, remedy, power or privilege arising from this Agreement operates or may be construed as a waiver thereof. No single or partial exercise of any right, remedy, power or privilege hereunder precludes any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.

c. **Expenses.** In the case of any event of default by Customer, Customer agrees to pay all reasonable costs and expenses incurred by Eby-Brown in its enforcement of this Agreement and the collection of monies owed by Customer to Eby-Brown, including without limitation collection agency fees, attorney's fees, and court costs.

d. **Severability.** If any provision of this Agreement is invalid or unenforceable in any jurisdiction, such invalidity or unenforceability will not affect any other provision of this Agreement or invalidate or render unenforceable such provision in any other jurisdiction.

e. **Limitation of Liability.** In no event will Eby-Brown be liable under this Agreement to Customer or any third party for any consequential, incidental, indirect, exemplary, special or punitive damages, including any damages for business interruption, loss of use, revenue or profit, whether arising out of breach of contract, tort (including negligence) or otherwise, regardless of whether such damages were foreseeable and whether or not Eby-Brown was advised of the possibility of such damages. In no event will Eby-Brown's aggregate liability arising out of or related to this Agreement, whether arising out of or related to breach of contract, tort (including negligence) or otherwise, exceed the total of the amounts paid to Eby-Brown for the Inventory sold hereunder.

f. **Governing Law.** THIS AGREEMENT WILL BE GOVERNED BY AND CONSTRUED UNDER THE LAWS OF THE STATE OF ILLINOIS WITHOUT REGARD TO CONFLICTS-OF-LAWS PRINCIPLES THAT WOULD REQUIRE THE APPLICATION OF ANY OTHER LAW.

g. **Waiver of Jury Trial.** CUSTOMER HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT TO JURY TRIAL IN ANY ACTION, SUIT, COUNTERCLAIM OR PROCEEDINGS UNDER OR IN CONNECTION WITH THIS AGREEMENT OR THE COLLATERAL, OR OTHERWISE BETWEEN CUSTOMER AND EBY-BROWN.

IN WITNESS WHEREOF, Customer has executed this Credit and Security Agreement as of the date written below, to be effective as of the date delivered to and accepted by Eby-Brown.

Legal Business Name: _IYS Ventures_     d/b/a Name: _1 Mart Stores_
Printed Name: _Muwafak Rizek_     Date: _07-31-2020_
Owner's Signature: _[signature]_     Title: _CEO_

Legal Business Name: _____     d/b/a Name: _____
Printed Name: _____     Date: _____
Owner's Signature: _____     Title: _____

Legal Business Name: _____     d/b/a Name: _____
Printed Name: _____     Date: _____
Owner's Signature: _____     Title: _____

**Customer: Include a copy of your state issued ID card or driver's license with the signed agreement**

RECEIVED AND ACCEPTED BY:
Eby-Brown Company, LLC representative:

Signature: _[signature]_
Print Name: _Chris Landgraff_
Title: _NBD_
Date: _8-3-20_

# Eby-Brown

## CUSTOMER VERIFICATON AND AUTHORIZATION FORM

Legal Business Name: **IYS Ventures**
D/B/A Name: **1 Mart Stores**
Store Address: **15416 S. 70th Ct.**
City: **Orland Park**          State: **IL**          Zip: **60462**
Business Phone: **708-966-0682**   Cell Phone #: **716-417-1144**   Fax #: **708-286-5240**
Owner Name: **Muwafak Rizek**          Authorized Bank Signor: **Muwafak Rizek**

### TRADE REFERENCES

| Name | Address | Telephone | Fax |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

### CURRENT SUPPLIER

| Name | Address | Telephone | Fax |
|---|---|---|---|
|  |  |  |  |

### FUEL SUPPLIER

| Name | Address | Telephone | Fax |
|---|---|---|---|
|  |  |  |  |

### CUSTOMER BANK INFORMATION

Bank Name: **US Bank**
Bank Address: **8811 159th St.**          City **Orland Park** State: **IL** Zip: **60462**
Bank Phone #: **708-403-6400**          Bank Fax:
Bank Checking Account #: ████████████

Customer agrees that Eby-Brown Company, LLC may verify any and all information provided on this application. Such verification may include running credit reports, checking references and banking information, and contacting other parties with whom you may do business. Customer agrees that Eby-Brown Company, LLC may run credit reports to verify payment and credit history.

AUTHORIZED SIGNATURE:
Signature:
Print Name: **Muwafak Rizek**
Title: **CEO**
Date: **7-31-2020**

FORM 363A (revised 3/19/14)

## <u>INTEREST CALCULATION</u>

12% per year compounded monthly on unpaid balance of $6,117,178.84 per **Credit & Security Agreement**.


Computation Date:     02/15/2022 – 05/22/2023


<u>Total % accrued to date of Petition</u>

**Total Due:**

$1,000,553.35 + 6,117,178.84 =         $7,117,732.19

ACTION ORDER

2022LA000217-929

STATE OF ILLINOIS

**UNITED STATES OF AMERICA**

COUNTY OF DU PAGE

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

EBY-BROWN COMPANY LLC ET AL.

Plaintiff

2022LA000217
CASE NUMBER

-VS-

IYS VENTURES LLC ET AL.

Defendant

# FILED

**23 May 24   PM 02: 11**

*Candice Adams*

**CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**

## ACTION ORDER

This matter having come before the Court, the Court having jurisdiction and being fully advised in the premises:

**IT IS HEREBY ORDERED** as follows:

The case is continued to 06/22/2023 in 2014 at 10:30 AM for STATUS.
Description: Citations

The Clerk of the Court is ordered to strike the future date(s) of 06/07/2023 2014 9:00 AM.

This cause coming on for proveup, the parties appearing by counsel and a default judgment having been previously entered:

IT IS ORDERED THAT:

1.  The court being advised that defendants IYS Ventures and Rizek have filed for bankruptcy protection, all matters against said defendants are stayed.

2. Attorney Garbis representing defendants Samara and I Mark has objected on the basis that the pleadings do not contain specific breakdowns of damages for each defendant.

3. Over objection and for the reasons stated on the record, judgment is entered against defendants ISAM SAMARA and IMART STORES, LLC in the amount of $7,945,539.20 (principal amount of $6,117,178, interest through 5/15/23 of $984,360.49, Attorney fees of $344,000, costs of $8,709.04, punitive damages of $500,000). The court further finds that a punitive damage award is supported by the evidence of violations of the Illinois Consumer Fraud Act including but not limited to use of phony bank accounts, check kiting and fake electronic payments.

4.  Prior injunctive relief to remain as permanent injunctive relief.

5.  Pursuant to Supreme Court Rule 304 (a) there is no just reason for delaying enforcement or appeal of this order.

Submitted by: JUDGE DAVID E SCHWARTZ
DuPage Attorney Number:
Attorney for:

☐ PRO SE

File Date: 05/24/2023

JUDGE DAVID E SCHWARTZ

ACTION ORDER

2022LA000217-929

Validation ID : DP-05242023-0211-49420

Date: 05/24/2023