**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IYS Ventures, LLC, | ) | Case No. 23-06782 |
| | ) | |
| Debtor. | ) | Hon. David D. Cleary |
| | ) | |

**AMENDED NOTICE OF MOTION**

      PLEASE TAKE NOTICE THAT on **Wednesday, December 18, 2024**, at **10:00 a.m.**, I shall appear before the Honorable Judge David D. Cleary, or any other judge sitting in his stead, either in Courtroom 644, 219 South Dearborn Street, Chicago, Illinois, or electronically as described below and request a hearing on **Eby-Brown Company, LLC's Emergency Motion for Entry of an Order Temporarily Allowing Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018(a)** (the "Motion"), a copy of which is attached hereto and thereby served upon you.

**Important: Only parties and their counsel may appear for presentation of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: http://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is Meeting ID: 161 122 6457 and the password is Cleary644. The meeting ID and password can also be found on the judge's page on the court's website.

      PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Court's *Order Granting Application to Set Hearing on Emergency Motion* [Docket No. 788], **any substantive objections to the Motion must be filed and served no later than December 17, 2024, at 12:00 p.m.**

## **CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, hereby certify that I caused a copy of the foregoing AMENDED NOTICE OF MOTION and MOTION to be served by filing it with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

 */s/ William K. Kane*
William K. Kane

William K. Kane
Matthew T. Benz
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Tel: (312) 499-6300
wkane@sheppardmullin.com
mbenz@sheppardmullin.com

*Counsel to Eby-Brown Company, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IYS Ventures, LLC, | ) | Case No. 23-06782 |
| | ) | |
| Debtor | ) | Hon. David D. Cleary |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | **December 18, 2024, at 10:00 a.m.** |

## EBY-BROWN COMPANY, LLC'S EMERGENCY MOTION FOR ENTRY OF AN ORDER TEMPORARILY ALLOWING CLAIM FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018(a)

Eby-Brown Company, LLC ("Eby-Brown"), by and through its undersigned counsel, hereby submits this motion (the "Motion"), pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), temporarily allowing the Eby-Brown Proof of Claim (as defined herein) in its liquidated amount solely for purposes of voting on the chapter 11 plans (the "Plans") proposed by IYS Ventures, LLC (the "Debtor") and CrossAmerica Partners LP ("CAP"). In support of this Motion, Eby-Brown respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Rule 3018(a).

## BACKGROUND

3. On May 23, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

-1-

4. On November 15, 2024, the Court entered the *Order and Notice (I) Approving (A) Disclosure Statement to Creditor CrossAmerica Partners LP's Amended Chapter 11 Plan of Liquidation, (B) Second Amended Disclosure Statement to Debtor IYS Ventures, LLC's Second Amended Plan of Reorganization, and (C) Joint Solicitation Materials for Competing Plans, and (II) Fixing Deadlines for Filing Acceptances and Rejections of Competing Plans* [Docket No. 754] (the "Disclosure Statement Order"). The Disclosure Statement Order established, among other things, December 27, 2024 as the deadline for voting creditors to submit ballots on the Plans (the "Voting Deadline").

### THE EBY-BROWN PROOF OF CLAIM

5. Eby-Brown is a former vendor of the Debtor, who is managed by Muwafek Rizek ("Rizek") and Isam Samara ("Samara"). On August 3, 2020, Eby-Brown and the Debtor entered into a Credit and Security Agreement (the "Security Agreement") pursuant to which Eby-Brown was granted a security interest in the Debtor's property, including the Debtor's inventory and the proceeds thereof. In September 2021, Defendants began to slow pay Eby-Brown while at the same time continued to place significant orders for goods. The outstanding amounts due to Eby-Brown began to increase to several millions of dollars.

6. On March 4, 2022, Eby-Brown filed a lawsuit against the Debtor, Samara, Rizek, and IMART Stores, LLC (collectively, the "Defendants") in Illinois State Court alleging claims for breach of contract and personal guaranties, an account stated, unjust enrichment, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Eby-Brown further sought the appointment of a receiver over the Defendants' businesses in order to preserve assets for its anticipated recovery. As part of the subsequent litigation, on July 26, 2022, the Illinois state court entered an order (the "Asset Freeze Order") pursuant to which the Defendants,

including the Debtor, were enjoined from directly or indirectly transferring and/or disposing of any assets until further order of court. The Debtor and the other Defendants violated the Asset Freeze Order. The state court subsequently entered an order (the "Default Order") finding that the Defendants had violated "numerous court orders" and accordingly granting Eby-Brown's motion for default. On May 24, 2023, the state court entered a judgment in the amount of $7,945,539.20 (the "Default Judgment"), which was comprised of: (a) the principal amount of the debt the Defendants owed to Eby-Brown in the amount of $6,117,178.00; (b) interest accrued through May 15, 2023 in the amount of $984,360.49; (c) attorneys' fees in the amount of $344,000.00; (d) costs in the amount of $8,709.04; and (e) punitive damages in the amount of $500,000.00. Though the liability was shared across all Defendants, the Default Judgment was only entered against IMart Stores, LLC and Samara because the Debtor and Rizek had filed for bankruptcy the day before the Default Judgment was entered.

7.     On August 17, 2023, Eby-Brown timely filed a proof of claim [Claim No. 21] (the "Eby-Brown Proof of Claim").[1] As detailed therein, Eby-Brown asserted a secured claim in the amount of $7,117,731.00, comprised of the liquidated amounts established by the Default Judgment for the principal amount of the debt the Defendants owed to Eby-Brown and interest accrued through May 22, 2023, the day before the Petition Date.[2] While this Court subsequently adjudicated Eby-Brown's claim as unsecured, neither the Debtor's underlying liability nor the amounts set forth in the Eby-Brown Proof of Claim were challenged in the corresponding adversary proceeding.

---

[1]   A copy of the Eby-Brown Proof of Claim is attached hereto as **Exhibit B**.

[2]   The interest component of the Eby-Brown Proof of Claim, $1,000,553.35, was marginally higher than the interest component liquidated in the Default Judgment, $984,360.49, due to the fact that the interest component of the Default Judgment was calculated as of May 15, 2023.

-3-

8. On April 10, 2024, the Debtor filed an amended Schedule E/F [Docket No. 566], which listed a contingent, unliquidated, and disputed unsecured claim for Eby-Brown in the amount of $6,935,588.31. On December 4, 2024, the Debtor filed its *Objection to Eby-Brown Company, LLC's Claim No. 21* [Docket No. 768] (the "Claim Objection"), objecting to the Eby-Brown Proof of Claim. The Debtor noticed the hearing on the Claim Objection for January 8, 2025—which is twelve (12) days *after* the Voting Deadline.

## BASIS FOR RELIEF

9. Under Bankruptcy Code section 1126(a), only holders of claims or interests allowed under section 502 are permitted to vote to accept or reject a chapter 11 plan. 11 U.S.C. § 1126(a). A claim represented by a timely and properly filed proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Thus, once a party in interest objects to a filed claim, the holder of that claim is not entitled to vote on a chapter 11 plan while the objection is pending. *See* 11 U.S.C. § 1126. Where a claim has is not yet allowed due to a pending objection, a court "may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Bankruptcy Rule 3018(a).

10. The purpose of Bankruptcy Rule 3018(a) is to prevent precisely the type of purposeful disenfranchisement the Debtor has attempted here. The policy behind Bankruptcy Rule 3018(a) is "to prevent possible abuse by plan proponents" who attempt to ensure acceptance of a plan by strategically objecting to the claims of dissenting creditors. *In re Armstrong*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003); *see also In re Pacific Sunwear of California, Inc.*, 2016 WL 3564484 at *9 (Bankr. D. Del. June 22, 2016) (stating that Bankruptcy Rule 3018(a) is intended to "prevent possible abuse by plan proponents who might ensure

acceptance of a plan by filing last minute objections to the claims of dissenting creditors"). Bankruptcy Rule 3018(a) "was designed to give all creditors, even those holding disputed claims, the opportunity to vote." *In re Century Glove, Inc.*, 88 B.R. 45, 46 (Bankr. D. Del. 1988).

11. The court's discretion to allow a claim temporarily for voting purposes is flexible. *See In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996). Bankruptcy courts also have flexibility to "employ whatever method is best suited to the circumstances of the case" when determining whether and in what amount to allow a claim for voting purposes. *Id.* at 775.

12. Although the Bankruptcy Code and the Bankruptcy Rules provide no guidance as to how a court should calculate a claim for voting purposes, courts have held that the calculation "should ensure that the voting power is commensurate with the creditor's economic interests in the case." *In re Quigley Co.*, 346 B.R. 647, 654 (Bankr. S.D.N.Y. 2006). When determining whether to temporarily allow a claim, courts may look to (1) the debtor's scheduling of the claim, (2) the proof of claim filed, and (3) the debtor's objection to determine parties' expectations regarding the amount and nature of the claim to be voted. *In re Stone Hedge Props.*, 191 B.R. 59, 65 (Bankr. M.D. Pa. 1995); *see also Armstrong*, 294 B.R. 344 at 354 (explaining courts have permitted temporary allowance of a claim when the objection is "frivolous or of questionable merit").

13. The Eby-Brown Proof of Claim constitutes *prima facie* evidence of the validity of its claim. The Claim Objection contains only vague statements disputing the "amounts of the components" of the Eby-Brown Proof of Claim, but the Debtor fails to present any evidence whatsoever that would rebut the presumption in favor of allowing the Eby-Brown Proof of Claim

for voting purposes in the amount listed on the Eby-Brown Proof of Claim—$7,117,731.00. Absent the relief requested by this Motion, Eby-Brown, one of the Debtor's largest unsecured creditors, will be unfairly disenfranchised and have no opportunity to vote on the Plans.

14. Under the circumstances present here, the Court should exercise its discretion to temporarily allow the Eby-Brown Proof of Claim solely for the purpose of voting on the Plans. Temporarily allowing the Eby-Brown Proof of Claim for voting purposes comports with the spirit of the Bankruptcy Code, which encourages creditor voting and participation in the reorganization process. *In re Amarex Inc.*, 61 B.R. 301, 303 (Bankr. W.D. Okla. 1985) ("[T]o allow [the disputed claims] to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of Chapter 11 which encourages creditor vote and participation in the reorganization process."). The Eby-Brown Proof of Claim should be allowed for voting as a Class 5 Claim to avoid the irreparable harm that would result if the Debtor is successful in its attempt to disenfranchise Eby-Brown.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Eby-Brown respectfully requests that the Court enter the Proposed Order and grant such other relief as may be appropriate.

Dated: December 12, 2024                    Respectfully submitted,

*/s/ William K. Kane*
William K. Kane (ARDC 6194466)
Matthew T. Benz (ARDC 6343276)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Tel: (312) 499-6300
wkane@sheppardmullin.com
mbenz@sheppardmullin.com

*Counsel to Eby-Brown Company, LLC*

**<u>Exhibit A</u>**

**Proposed Order**