IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| IYS Ventures, LLC, | ) | Case No. 23-06782 |
| | ) | |
| | ) | Hon. David D. Cleary |

**DEBTOR'S RESPONSE TO HUNTINGTON NATIONAL BANK'S
EMERGENCY MOTION FOR ENTRY OF AN ORDER TEMPORARILY ALLOWING
CLAIM FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018(a)**

Now comes IYS Ventures, LLC, Debtor and Debtor in Possession (the "Debtor") and for its Response to Huntington National Bank's Emergency Motion for Entry of an Order Temporarily Allowing Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018(a) (the "Motion") states as follows:

1. Huntington National Bank's Motion seeks to have its Proof of Claim asserting an unsecured claim temporarily allowed for voting purposes on the competing plans of CrossAmerica Partners, LP and IYS Ventures, LLC (the "Plans").

2. On August 9, 2023, Huntington National Bank ("Huntington") filed a Proof of Claim in the amount of $5,640,225.03 asserting an unsecured claim for a debt arising from "Account overdraft and treble damages" that was assigned Claim No. 12 on the Claims Register maintained by the Clerk of the United States Bankruptcy Court for the Northern District of Illinois (the "Huntington Proof of Claim" or "Proof of Claim"). Attached to the Huntington Proof of Claim were exhibits (Pages 4 - 187) including a Complaint (Exhibit 1, Pages 4 - 32) filed March 6, 2023, in the United States District Court for the Northern District of Illinois, that was assigned case number 23-cv-01368 alleging a variety of allegations arising from overdrafts due to dishonored deposits and ACH deposits (the "District Court Lawsuit").

3. On July 6, 2023, a default order was entered against all of the party defendants, other than the Debtor, in the District Court Lawsuit; and on July 26, 2023, an Order and Judgment in the amount of $5,829.551.10 was entered in the District Court Lawsuit (the "Judgment"). "The final judgment amount

1

represents treble damages of Plaintiff's actual damages pursuant to 11 U.S.C. §1964(c), Plaintiff's attorneys' fees and costs of this suit pursuant to 11 US.C. §1964(c), and pre-judgment interest on Plaintiff's actual damages."

4. The Judgment was entered after the Debtor had commenced its Chapter 11 case and the automatic stay precluded the entry of judgment against the Debtor. Notwithstanding that the Judgment was not entered against Debtor, Huntington attached the Judgment Order as an exhibit supporting its Proof of Claim. (See, Proof Claim, exhibits pages 177 – 179)

5. On December 4, 2024, the Debtor filed an Objection to The Huntington National Bank's Claim No. 12 (the "Objection") pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure.

6. The Objection disputes Huntington's Proof of Claim on the grounds that the Debtor committed no action that would entitle Huntington to an award of treble damages and disputes the accuracy of the principal amount of Huntington's debt of $1,880,075.01 as failing to give credit for all deposits clearing the Debtor's accounts at Huntington.

7. Huntington correctly contends that the Debtor has recognized a substantial amount of Huntington's principal claim in the amount of $1,880,075.01 as undisputed, liquidated and non-contingent.

Wherefore, the Debtor prays for entry of an order temporarily allowing Huntington National Bank's Proof of Claim in the amount of $1,880,075.01 for purposes of voting on the Plans pursuant to Bankruptcy Rule 3018(a) and for such other further relief as the Court deems just.

                                             /s/ Gregory K. Stern
                                               Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558