IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| IYS Ventures, LLC, | ) | Case No. 23-06782 |
| | ) | |
| | ) | Hon. David D. Cleary |

**DEBTOR'S RESPONSE TO EBY-BROWN COMPANY LLC'S
EMERGENCY MOTION FOR ENTRY OF AN ORDER TEMPORARILY ALLOWING
CLAIM FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018(a)**

Now comes IYS Ventures, LLC, Debtor and Debtor in Possession (the "Debtor") and for its Response to Eby-Brown Company, LLC's Emergency Motion for Entry of an Order Temporarily Allowing Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018(a) (Docket No. 787)(the "Motion") states as follows:

1. Eby-Brown Company, LLC's Motion seeks to have its Proof of Claim asserting an unsecured claim temporarily allowed for voting purposes on the competing plans of CrossAmerica Partners, LP and IYS Ventures, LLC (the "Plans").

2. On August 17, 2023, Eby-Brown filed a Proof of Claim in the amount of $7,117,731.00 for a debt arising from "Goods sold" that was assigned Claim No. 21 on the Claims Register maintained by the Clerk of the United States Bankruptcy Court for the Northern District of Illinois (the "Eby-Brown Proof of Claim" or "Proof of Claim"). The Proof of Claim contained three (3) Attachments that included a Credit Application and Credit & Security Agreement dated July 30, 2020 ("Attachment Part 2"), an Interest Calculation ("Attachment Part 3"), and an Action Order dated May 24, 2023 ("Attachment Part 4"). There were no attachments to the Proof of Claim evidencing and in support of Eby-Brown's assertion of the principal amount of the debt owed to it by the Debtor.

1

3.      On March 4, 2022, Eby-Brown filed a complaint against IYS Ventures, LLC, IMart Stores, LLC, Muwafak S. Rizek and Isam Samara seeking collection of the balance of the account and for other damages in the Circuit Court for the Eighteenth Judicial Circuit that was assigned case number 2022LA000217 (the "Collection Lawsuit").  On January 3, 2023, a default order was entered against all of the party defendants including the Debtor.

4.      On May 24, 2023, an Action Order (Attachment Part 4) was entered in the Collection Lawsuit entering judgment in the amount of $7,945,539.20 against IMart Stores, LLC, and Isam Samara but not against IYS Ventures, LLC nor Muwafak S. Rizek (the "Eby-Brown Default Judgment").  The Eby-Bown Default Judgment includes (**a**) the principal amount of the debt as $6,117,178.00, (**b**) interest of $984,360.49[1], (**c**) fees of $344,000.00, (**d**) costs of $8,709.09 and (**e**) punitive damages of $500,000.00 (Aggregating $7,954,247.58 a different amount than the Eby-Brown Default Judgment $7,945,539.20).

5.      The Eby-Brown Default Judgment was entered after the Debtor had commenced its Chapter 11 case.  Notwithstanding Eby-Brown in the Motion incorrectly asserts that "[T]he Eby-Brown Proof of Claim constitutes *prima facie* evidence of the validity of its claim" and that the "…liquidated amounts established by the Default Judgment for the principal amount of the debt the Defendants owed to Eby-Brown and interest accrued through May 22, 2023…"

6.      On December 4, 2024, the Debtor filed an Objection to Eby-Brown Company, LLC's Claim No. 21 (Docket No. 768)(the "Claim Objection") pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure.

---

[1]  See, Interest Calculation totaling $1,000,553.35 calculated at the rate of 12% interest compounded monthly on unpaid balance of $6,117,178.84 for the period of February 15, 2022, through May 22, 2023 (Attachment Part 3)

7. The Claim Objection disputes Eby-Brown Company, LLC's Proof of Claim on the grounds that *i*) the amounts of the components of the Eby-Brown Proof of Claim in the aggregate are inconsistent and contradictory with the Attachment Parts 2 and 3; *ii*) the alleged principal balance amount of $6,117,178.00 is not accurate and fails to credit receipts, deposits and payments received from the Debtor; *iii*) the Debtor has no liability for costs and expenses, including but not limited to costs ($8,709.04), attorney fees ($344,000.00) and an interest charge ($1,000,553.35) on the unpaid balance of the account for all convenience store goods purchased at any of its Owned or Leased Stations other than the one (1) station, located at 3321 West Algonquin Road, Rolling Meadows, Illinois; *iv*) the Debtor has no liability for attorney fees, including but not limited to undocumented, unreasonable and otherwise objectionable attorney services for which Eby-Brown seeks attorney fees; and *v*) the balance of the debt stated to be $6,117,178.00 is contradicted by other statements of Eby-Brown reflecting a lower balance.

8. The Debtor does not dispute that it is indebted to and owes Eby-Brown for goods sold. What is the principal amount due and owing to Eby-Brown? That question is unanswered and remains to be determined after Eby-Brown provides documentary support and evidence in support of the principal amount owed. Notwithstanding it appears that the starting point in determining the amount owed is the principal balance that Eby-Brown asserts and that is the disputed amount of $6,117,178.00.

9. Eby-Brown's position that the Default Judgment liquidated, *inter alia*, the principal amount of the debt the Defendants owed to Eby-Brown is untenable, as is its contention that the Eby-Brown Proof of Claim constitutes *prima facie* evidence of the validity of its claim.

10. Eby-Brown has avoided producing any account statements or other evidence in support of the principal amount of $6,117,178.00.

Wherefore, the Debtor prays for entry of an order temporarily allowing Eby-Brown's Proof of Claim subject to Eby-Brown's production of all account statements, documentary support and other evidence in support of its assertion of the principal amount owed and in an amount no greater than $6,117,178.00 for purposes of voting on the plans pursuant to Bankruptcy Rule 3018(a) and for such other further relief as the Court deems just.

          /s/ Gregory K. Stern
          Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558