IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| IYS VENTURES, LLC, | ) | Case No. 24 - 06782 |
| | ) | |
| Debtor. | ) | Hon. David D. Cleary |

## NOTICE OF MOTION

**TO:** Attached Service List

      **PLEASE TAKE NOTICE THAT** on April 2, 2025, at 11:30 a.m., I shall appear before the Honorable Judge David D. Cleary, or any other judge sitting in his stead, either in Courtroom 644, 219 South Dearborn Street, Chicago, Illinois, or electronically as described below and request a hearing on the Debtor's CrossAmerica Partners, LP[1] Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Rule 9019-1 of the Local Bankruptcy Rules of Procedure for the Northern District of Illinois and Shorten Notice, a copy of which is attached hereto and thereby served upon you.

**Important: Only parties and their counsel may appear for presentation of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by video**, use this link: http://www.zoomgov.com/. Then enter the meeting ID and password.
**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.
**Meeting ID and password.** The meeting ID for this hearing is Meeting ID: 161 122 6457 and the password is Cleary644. The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, these motions will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motions in advance without a hearing.

**Any objections must be filed in writing and filed with the Clerk of the Court on or before March 28, 2025.**

                                                                               /s/ Gregory K. Stern
                                                                                 Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid, (Atty. ID #02267012)

---

[1] CrossAmerica Partners, LP., Cap Operations, Inc., Lehigh Gas Wholesale, LLC., LGP Realty Holdings, LP., Lehigh Gas Wholesale Services, Inc., and Erickson Oil Products, Inc.

Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## CERTIFICATE OF SERVICE

      I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 18th day of March, 2025.

                                              /s/ Gregory K. Stern
                                                Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid, (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Adam Brief, Acting United States Trustee
William J. Serritella
Yeoeun C. Yoon
Kimberly Ross Clayson
Jillian S. Cole
Miriam Stein Granek
Gordon E. Gouveia
Peter C. Buckley
Matthew Higgins
Robert H. Eisentrout
William K. Kane
Matt Benz
Ariel Weissberg
John Morgan
Shanna M. Kaminski
Cari Kauffman
James Philbrick
John Reding
Kevin Kobbe
Robert L. Doty
Joseph D. Frank/Theodore Kleinman
Wesley T. Kozeny
Jeffrey K. Paulsen
Jennifer M. Rinn
Elisabeth M. Von Eitzen
Bruce C. Scalambrino
Gregg J. Simon
Cory Steinmetz

**Service Via US Mail**

American Bottling Company
400 North Wolf Road, Suite A
Northlake, IL 60164-1659

Aramark Uniform Services
2334 South Michigan Avenue
Chicago, IL 60616

Bauer Services of Welch, LLC
26469 130th Avenue
Welch, MN 55089

Benedict Sales & Service
1003 Harlem Street
Red Wing, MN 55066

Certified Refrigeration & Mechanical LLC
PO Box 8779
Madison, WI 53708

Coca-Cola Bottling Company
PO Box 105637
Atlanta, GA 30348

Cook Sign Services
105 Garfield Avenue
Marquette, MI 49855

Dakota Electric Services, Inc.
2801 East 21st Street
Marshfield, WI 54449

Ferguson Electric Inc.
326 Illinois Avenue SW
Huron, SD 57350

Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993

GFL Environmental Inc.
10690 W Six Mile Road
Detroit, MI 48235

Home State Security
250 East 5th Street
15 Floor
Cincinnati, OH 45202

JPMorgan Chase Bank
c/o Robertson, Anschutz, Schneid, Crane & Partners, PLLC
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487

M&M Service
315 East 15th Street
Covington, Kentucky 41011

Manistique Oil Company
216 Deer Street
Manistique, MI 49854

McKee Foods Corporation
PO Box 750
Collegedale, TN 37315-0750

Minn's Air Service
102 North Main Street
Reeseville, WI 53579

Minnesota Power/Superior Water, Light & Power
c/o Range Credit Bureau, Inc.
PO Box 706
Hibbling, MN 55746

Minnesota Power/Superior Water, Light & Power
30 West Superior Street
Duluth, MN 5580230

Minnesota Revenue
PO Box 64447 – BKY
St. Paul, MN 55164-0447

M&M Service Station Equipment Specialist, Inc.
315 East 15th Street
Covington, KY 41011

Monona Plumbing and Fire Protection, Inc
3126 Watford Way
Madison, WI 53713

National Carwash Solutions, Inc.
1500 SE 37th Street
Grimes, IA 50111

Nissan Motor Acceptance Corporation
Bankrutpcy Department
P.O. Box 660577
Dallas, Texas 75266-0577

OSI Environmental Inc.
300 Fayal Road
Eveleth, MN 55734

Pentair Commercial Services LLC
PO Box 7410471
Chicago, IL 60674-0471

Pestop Hay Creek Lawn & Power
2040 Neal Street
Red Wing, MN 55066

Premium Quality Lighting
2285 Ward Avenue
Simi Valley, CA 93065

Priority Heating & Cooling, Inc.
635 Hayward Avenue North
Oakdale, MN 55128

Red Bull Distrtibution Company, Inc.
1630 Stewart Street
Santa Monica, CA 90404

Rumke
10795 Hughes Road
Cincinnati, OH 45251

S&F Excavating & Construction
887 Highway 46
Amery, WI 54001

Samson Funding
17 State Street, Suite 630
New York, New York 10004

South Dakota Department of Revenue
445 East Capital Avenue
Pierre, SD 57501

Southern Ohio Door Controls
PO Box 331
Miamitown, OH 45041

St. Paul Pioneer Press
c/o Szabo Associates, Inc.
3355 Lenox Road NE, Suite 945
Atlanta, GA 30326

Star Tribune Media Company LLC
650 3rd Avenue, Suite 1300
Minneapolis, MN 55488

Sysco Corporation
1390 Enclave Parkway
Houston, TX 77077

U.S. Bank National Association
Bankruptcy Department
PO Box 108
St. Louis, MO 63166-0108

U.S. Small Business Administration
409 3rd Street SW
Washington, DC 20416

We Energies
PO Box 2046
Milwaukee, WI 53201-2046

Wisconsin Department of Revenue
2135 Rimrock Road
Madison, WI 53713

Xcel Energy
PO Box 9477
Minneapolis, MN 55484-9477

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| IYS Ventures, LLC, | ) | Case No. 23-06782 |
| | ) | |
| Debtor. | ) | Hon. David D. Cleary |

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN THE DEBTOR AND CROSSAMERICA PARTNERS, LP

Now Comes IYS Ventures, LLC, Debtor and Debtor In Possession (the "Debtor") by and through its attorneys, Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Rachel S. Sandler and support of its Motion to Approve Compromise and Settlement Between the Debtor and CrossAmerica Partners, LP[2] Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Rule 9019-1 of the Local Bankruptcy Rules of Procedure for the Northern District of Illinois and Shorten Notice (the "Motion"), states as follows:

## INTRODUCTION

1. The Debtor seeks approval of the Settlement Agreement with CrossAmerica Partners, LP., Cap Operations, Inc., Lehigh Gas Wholesale, LLC., LGP Realty Holdings, LP., Lehigh Gas Wholesale Services, Inc., And Erickson Oil Products, Inc. (collectively referred to as "CAP" or the "CAP Entities"). The Settlement Agreement resolves all adversary proceedings, claims, motion, objections, and any other disputes between the Debtor and the CAP Entities (collectively, the "Parties"). The Debtor submits that the Settlement Agreement is appropriate and in the best interests of creditors for reasons including but not limited to *i*) the costs and expenses relating to litigation including but not limited to the adversary proceedings, claims, motion, objections, and other disputes; *ii*) the operating challenges and obstacles resulting from the ongoing litigation of the disputes between the Parties and its impact upon confirmation and feasibility of the Debtor's proposed Second Amended Plan of Reorganization previously scheduled for confirmation hearing on

---

[2] CrossAmerica Partners, LP., Cap Operations, Inc., Lehigh Gas Wholesale, LLC., LGP Realty Holdings, LP., Lehigh

April 1, 2025, *iii*) the increasing administrative insolvency of the Chapter 11 Case resulting from twenty-two (22) months of litigation and disputes relating to everything involving the Debtor, the CAP Entities, the Chapter 11 Case and its impact upon the Parties' working relationship and deleterious effect on the Debtor's business operations and ability to achieve, maintain and stabilize profitability therefrom3.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has the Constitutional authority to hear and adjudicate the merits of this motion and the Debtor consents to this Court entering a final order resolving the relief requested in the motion.

3. The statutory predicates for the relief requested herein are Bankruptcy Rule 9019 and Local Rule 9019-1.

## BACKGROUND

4. On May 23, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned case (the "Chapter 11 Case").

5. On November 13, 2023, the Debtor filed the *Adversary Complaint* [Adv. 23-00352 Docket No. 1], commencing the adversary proceeding styled as *IYS Ventures, LLC v. CrossAmerica Partners, LP et al.*, Case No. 23-00352 (Bankr. N.D. Ill., Nov. 14, 2023) (the "PMPA Adversary"). On November 8, 2024, the Debtor filed the *Amended Adversary Complaint* [PMPA Adversary No.

---

Gas Wholesale Services, Inc., and Erickson Oil Products, Inc.

3 Contemporaneously and in conjunction with the filing of this Motion the Debtor is filing a Motion to Dismiss the Chapter 11 Case, that is scheduled for hearing at the same date and time, being April 2, 2025, at 11:30am.

32]. The same day, the Debtor filed the *Second Amended Adversary Complaint* [PMPA Adversary No. 33].

6. On April 4, 2024, the Debtor filed the *Adversary Complaint For Damages And Injunctive Relief Based On Violation Of Automatic Stay, Breach Of Contract, Tortious Interference And Injunctive Relief* [Adv. 24-00088 Docket No. 1], commencing the adversary proceeding styled as *IYS Ventures, LLC v. CrossAmerica Partners, LP*, Case No. 24-00088 (Bankr. N.D. Ill., Apr. 4, 2024) (the "Adversary").

7. On November 14, 2024, the Debtor filed its *Second Amended Plan of Reorganization Filed by IYS Ventures, LLC Dated November 14, 2024* [Docket No. 751] (the "Plan").

8. On March 1, 2025, the Debtor filed its *Motion To Reject CrossAmerica Partners, LP., Cap Operations, Inc., Lehigh Gas Wholesale, LLC., LGP Realty Holdings, LP., Lehigh Gas Wholesale Services, Inc., And Erickson Oil Products, Inc. Agreements Relating to Owned Stations* [Docket No. 934] (the "Fuel Supply Rejection Motion").

9. On August 8, 2024, CAP filed *CrossAmerica Partners, LP's Motion to Allow and Compel Payment of Administrative Expense by Applying Debtor's Security Deposit to Satisfy Debtor's Obligations Under Assumed Agreements* [Docket No. 661] (the "Security Deposit Motion").

10. On September 9, 2024, CAP filed *CrossAmerica Partners LP's Motion to Compel Debtor to Provide Information or, in the Alternative, for Relief From the Automatic Stay to Allow CrossAmerica Partners LP to Declare a Default* [Docket No. 672] (the "Insurance Motion").

11. On December 6, 2024, CAP filed *CrossAmerica Partners LP's Renewed Motion for Adequate Protection on Shortened Notice* [Docket No. 771] (the "Renewed Adequate Protection Motion").

12. On December 11, 2024, CAP filed *CrossAmerica Partners LP's Motion to Allow and*

3

*Compel Payment of Administrative Expense by Applying Debtor's Tax Refund to Satisfy Debtor's Obligations Under Assumed Agreements* [Docket No. 781] (the "Tax Setoff Motion").

13. On February 18, 2025, CAP filed *CrossAmerica Partners, LP's Motion to Allow and Compel Payment of an Administrative Expense Because of Debtor's Breach of Assumed Agreements* [Docket No. 917] (the "Fuel Supply Motion").

14. On February 27, 2025, CAP filed *CrossAmerica Partners, LP's Renewed Objection to Debtor's Motion for Interim Use of Cash Collateral* [Docket No. 929] (the "Cash Collateral Objection").

15. On March 11, 2025, CAP filed *CrossAmerica Partner's, LP's Objection to Confirmation of Debtor's Second Amended Plan of Reorganization* [Docket No. 966] (the "CAP Plan Objection"), and together with the PMPA Adversary, the Damages Adversary, the Security Deposit Motion, the Insurance Motion, the Adequate Protection Motion, the Tax Setoff Motion, the Fuel Supply Motion, and the Cash Collateral Objection, all other pending matters between the Parties that the Court has taken under advisement, and any other contested matters or disputes between the Parties (the "CAP Disputes").

16. The Debtor has scant and inadequate financial resources available to allow it to continue the prosecution of the Adversary including its inability to even fund payment of the retainer to its Damages Expert previously authorized by the Court. As of this date the Debtor has incurred attorney fees in excess of $100,000.00 prosecuting the Adversary and reasonably estimates that it could spend upwards of $400,000.00 in attorney fees, damage expert fees, costs and expense in trying the Adversary to an adjudication on the merits over the next year or two.

17. On March 17, 2025, the Parties executed a Term Sheet[4] memorializing an agreement

---

4 In connection with the Debtor's Fuel Supply Rejection Motion and CAP's Fuel Supply Motion, CAP and Freedom Medical LLC ("Freedom Medical") have entered into a Settlement Term Sheet that provides for, *inter alia i*) mutual

to resolve the Parties' disputes on terms that will maximize the value to the Debtor's estate and end costly litigation of the disputes between the Parties that provides as follows:

> Subject to a final written agreement and Court approval, IYS Ventures, LLC ("IYS") and CrossAmerica Partners LP ("CAP") agree to the following principal terms to resolve the pending adversary proceedings (Adv. Case Nos. 23-00352 and 24-00088), CAP's claim in IYS' bankruptcy case (Claim No. 23) and all pending motions between or among IYS and CAP:
>
> 1. IYS shall push back all 18 CAP-owned stations on an agreed-upon schedule after entry of an order approving this settlement with OH0030 and OH0036 being the final stations pushed back (although IYS may choose to begin the pushback process sooner, being VA0452, LA0053, LA0058 MS04 and MS05). IYS shall continue to operate the stations in the ordinary course until pushback. IYS authorizes CAP to begin the process necessary to transition stations (including making arrangements with regulators, vendors and employees) when the 9019 motion is filed. Promptly, in connection with each pushback, CAP shall pay IYS as designated by Matthew Brash for all owned fuel and store inventory at each station as it did with the other Pushback Stations. Because IYS does not own the fuel and store inventory at stations VA0452, LA0053, LA0058, MS04 and MS05 CAP will pay the owner of that inventory (not IYS) for that inventory on pushback.
>
> 2. CAP shall receive $395,000 of IYS's security deposit and return the remaining $600,000 to IYS upon the pushback of the last of the 18 CAP-owned stations referenced above and in no event later than 10 days after entry of the order approving the settlement Agreement. CAP agrees to accept these 18 stations "as is" without any further right to recover damages from the security deposit.
>
> 3. IYS shall dismiss all pending adversary proceedings (Adv. Case Nos. 23-00352 and 24-00088) with prejudice. CAP, IYS, IYS's management companies (Leanne Investment LLC, F&M Stop Market LLC, 7 Mart Inc., Kareem Inc., Ameer Investment Inc., Kenan Ventures LLC, and Areej Investment Inc.), and Muwafak Rizek shall exchange mutual general releases which shall include all affiliates, officers, employees, agents, and attorneys. CAP and IYS shall withdraw all motions including but not limited to the motions that the Court has taken under advisement and neither party shall file any other motions against the other. CAP shall forthwith withdraw its objection to Debtor's use of cash collateral.
>
> 4. CAP's shall forthwith file and apply for a hearing on an emergency motion to suspend all pending matters including but not limited to all matters set for evidentiary hearing on April 1, 2025. The 9019 motion seeking approval of this settlement shall be filed separately from any other motion.

The Parties anticipate supplementing this Motion with an executed settlement agreement (the "Settlement Agreement") that will include the terms of the Term Sheet and memorialize the Parties' agreement.

## RELIEF REQUESTED AND BASIS FOR RELIEF

18. By this Motion, the Debtor requests entry of the proposed order attached hereto: (*i*) approving the Settlement Agreement resolving all the CAP Disputes, and (*ii*) granting such other and

---

general releases, *ii*) CAP's sale of two (2) of the Debtor's Leased Stations being OH0030 and OH0036 (the "Stations") to Freedom Medical, *iii*) Freedom Medical's lease of the Stations after pushback of the Stations to CAP pursuant to a ninety (90) day lease and option to purchase the Stations; *iv*) Freedom Medical's agreement to purchase the fuel and

further relief as the Court deems just and proper.

19. Bankruptcy Rule 9019(a) authorizes the Court, after a hearing on such notice as the Court directs, to approve a compromise or a settlement. Fed. R. Bankr. P. 9019(a). The pivotal question in approving a bankruptcy settlement is whether the settlement is in the best interests of the estate. *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992). The Court has broad discretion under Bankruptcy Rule 9019(a) to approve the proposed compromise provided that it is in the best interests of the estate. *In re Energy Co-op, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989). The Court must compare the settlement terms with the litigation's probable costs and probable benefits. *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987). Relevant factors the Court should consider include the litigation's probability of success, its complexity, and its attendant expense, inconvenience and delay. *Id.* Approval of a settlement is committed to the Court's sound discretion. *Andreccetti*, 975 F.2d at 421; *Energy Co-op,* 886 F2d. at 926. In exercising that discretion, the Court need not decide the merits of the dispute. *Energy Co-op*, 886 F.2d at 927 n.6. The appropriate role for the Court is to canvass the issues. *Hicks, Muse & Co. v. Brandt (In re Healthco Int'l, Inc.),* 136 F.3d 45, 51 (1st Cir. 1998) for the purpose of assessing the strength of the claims the trustee wants to surrender. *Am. Reserve Corp.*, 841 F.2d at 161-62. There is a middle ground when it comes to how critically the Court should scrutinize the trustee's settlement decision. The Court needs to consider that settlement decisions are judgment calls rather than "scientific" determinations. *In re Apex Oil Co.*, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988), or subject to any mathematical formula, *Energy Co-op*, 886 F.2d at 928. , and they cannot be evaluated in balance sheet fashion. Id.; *In re Lee Way Holding Co.*, 120 B.R. 881 (Bankr. S.D. Ohio 1990). Some deference must be given to the Debtor's expertise. *Healthco,* 136 F.3d at 50 n.5; *In re Eastwind*

---

inventory at the Stations from CAP.

*Group, Inc.*, 303 B.R. 743, 750 (Bankr. E.D. Pa. 2004). If the settlement in the middle of a range of reasonableness of litigation outcomes, the Court should exercise its discretion to approve the settlement. *Energy Co-op*, 886 F.2d at 929. To make that determination, a court must compare "the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000).

20. The Compromise and Settlement between the Debtor and the CAP Entities falls within the range of reasonableness of litigation outcomes. Prosecution of the Adversary, PMPA Adversary and claims and motions made by the CAP Entities will be expensive and over an extended period time.

   A. <u>Determined Opposition</u>: The CAP Entities have challenged virtually every action of the Debtor during the Chapter 11 Case including confirmation of the Debtor's Second Amended Plan of Reorganization and it assumed that it course of conduct and determined opposition to all matters will continue.

   B. <u>Expense of Adversary and PMPA Adversary</u>: Counsel for the Debtor has expended in excess of $100,000.00 of legal expense in prosecuting the Adversary and PMPA Adversary and estimates that an additional $400,000.00 of legal expense would be required to complete the prosecution of the two adversaries, plus additional legal expense to litigate the claims and motions that the CAP Entities have filed and may file in the future. If there are appeals from this Court's decision, additional legal expense would be required to be expended. Counsel for Debtor has proposed being appointed as special counsel on a contingent fee basis to continue prosecution of the two adversaries but several parties have opposed that proposal. In addition, the prosecution of the two adversaries would require depositions and attendance of witnesses from throughout the Midwest to testify in order to prove the allegations of the two adversaries. Such actions will require additional expense. A further complication is inherent in the employment of some or all of those witnesses, being former employees of the Debtor, who are now the employees of the CAP Entities which may impact their testimony.

   C. <u>Legal Expense to Defend CAP's Claims and Motions</u>: Legal expense to defend against the multitude of claims and motions filed in the Chapter 11 Case will incur additional demands on the cash flow of the Debtor. The amount of such legal expense is estimated at $100,000.00 to $150,000.00.

D. <u>Cash Flow of Debtor</u>: The Debtor has financed the legal expenses and other administrative claim and ongoing operational cash flow shortages to date through obtaining the two DIP Loans, selling the Owned Stations and the agreement of counsel to other payment terms of their administrative expense claims solely in the context of a confirmed plan of reorganization. However, the agreement of counsel has created a condition of administrative insolvency for the estate.

E. <u>Business Operations</u>: The Debtor has used every effort available to right size its operations to increase profitability to pay its operating and administrative expenses and proposed plan payments. The tactics of the CAP Entities have resulted in CAP withholding large amounts of the Debtor's cash thereby constraining its cash flow and ability to pay its operating and administrative expenses.

F. <u>Delay</u>: The Chapter 11 Case is approaching its second anniversary with no resolution of the CAP Disputes of confirmation of its Second Amended Plan of Reorganization CAP. There are scheduled dates in the Adversary but additional time may be required. Appeals from confirmation of the Plan could extend the conclusion of this case to a third anniversary or beyond.

21. The Debtor submits that the Settlement Agreement is a reasonable compromise of all claims and litigation by and between the Debtor and CAP, which results in a resolution of the Adversary and other CAP Disputes. The Settlement Agreement will resolve the Adversary and other CAP Disputes in consideration of *i*) payment of $600,000.00 by the CAP Entities to the Debtor in full and final compromise and settlement of the Adversary, and *ii*) payment for inventory held at the majority of the Debtor's leased stations. Therefore, it is in the best interests of the Debtor's estate for the Court to approve the Settlement Agreement.

## **NOTICE**

22. Bankruptcy Rule 2002 generally requires twenty-one days' notice of hearings on motions to approve settlements. Fed. R. Bankr. P. 2002(a)(3). Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules … the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

23. The Debtor will provide eighteen (18) days' notice of this Motion to the all Creditors,

8

Parties in Interest, the United States Trustee and all parties who have requested notice in the Chapter 11 Case. In light of the nature of the relief requested, the Debtor requests that the Court shorten and waive any further notice requirement pursuant to Bankruptcy Rule 9006(c).

WHEREFORE, the Debtor requests that the Court enter an order *i*) approving and authorizing the Settlement Agreement, *ii*) reserving the Court's jurisdiction to enforce the terms of the Settlement Agreement if necessary, *iii*) granting such other and further relief as the Court deems appropriate.

                IYS VENTURES, LLC

                By: /s/ Gregory K. Stern
                One of its Attorneys

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558